UNITED STATES of America, Appellee,

v.

Cynthia BAKER, Appellant.

No. 89–2827.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1990.

Decided June 20, 1990.

Rehearing Denied July 23, 1990.

Joseph V. Neill, St. Louis, Mo., for appellant.

Mitchell Stevens, St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Cynthia Baker appeals from a judgment

of the district court[1] finding her guilty of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

On April 20, 1989 Detective Samuel Zouglas of the St. Louis, Missouri Police Department applied for a search warrant for 4606 Shenandoah. In his affidavit in support of the application, Zouglas stated that a confidential informant had been inside the residence during the previous twenty-four hours and had observed a woman named "Cynthia" in possession of cocaine and that she had sold cocaine to numerous persons who had come to the residence. Zouglas stated that in the past the informant had supplied information that resulted in three arrests. Zouglas also stated that he had conducted surveillance of the residence on April 19 between 7:00 p.m. and 9:00 p.m. and had observed a large number of persons entering and leaving the residence.

On April 21 Zouglas and four other police officers executed the warrant. On entering the home, Zouglas saw Baker coming out of a bathroom and heard a toilet flushing. He went to the bathroom and retrieved a brick of cocaine from the commode. In addition, he seized three bags of cocaine lying on the bed, packaging material, two scales, $654.00 in cash, and a loaded revolver in a metal box underneath a bed.

Zouglas placed Baker under arrest and advised her of her *Miranda* rights. He then asked if she had any more drugs. She responded that there were more drugs in her automobile, from which Zouglas seized three bags of cocaine. Baker also told Zouglas that the drugs belonged to a Colombian named "Mike" and that she had broken down large pieces of cocaine and repackaged them about three times. The total weight of the cocaine seized was approximately 585 grams with a street value estimated at $60,000.00.

■ On appeal, Baker first argues that the district court erred in denying her motion for a hearing under *Franks v. Dela-*

*ware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "To receive a *Franks* hearing[,] the defendant ... must make a *substantial* preliminary showing of an intentional or reckless falsehood made in the [search warrant] affidavit ... The substantiality requirement is not lightly met." *United States v. Wajda,* 810 F.2d 754, 759 (8th Cir.), *cert. denied,* 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). In addition, "[t]he deliberate falsity or reckless disregard whose impeachment is permitted ... is only that of the affiant, not of any nongovernmental informant." *Franks v. Delaware,* 438 U.S. at 171, 98 S.Ct. at 2684.

■ In support of her motion, Baker submitted an affidavit in which she stated that no one was in her home during the twenty-four hours preceding the warrant application, and that a large number of people did not enter or leave her home on April 19 between 7:00 and 9:00 p.m. She also submitted the affidavit of LaShonda Murray, a thirteen-year old girl who stated that Baker had taken her shopping at the time of the surveillance, and cash register receipts for purchases made at that time. In addition, at the suppression hearing before the magistrate, Baker's upstairs neighbors, Thomas and Joanne Foster testified. However, Thomas testified he could not recall what he was doing on April 19 between 7:00 and 9:00 p.m., and Joanne testified she probably was not home.

In her recommendation, the magistrate found that Baker had failed to make the necessary preliminary showing to justify a *Franks* hearing. At the bench trial, the district court, over the government's objection, allowed Baker's counsel to cross-examine Zouglas concerning the search warrant affidavit and allowed counsel to submit the affidavits in support of Baker's contention that she was shopping at the time of the surveillance. The district court asked counsel what additional evidence he would submit at a *Franks* hearing. Counsel replied he wanted to investigate whether the surveillance location had a view of

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

the residence. The court asked Zouglas if he had had a good view and he replied that he did. The court then stated it was adopting the magistrate's recommendation.

While we are inclined to agree with the government that Baker's request for a *Franks* hearing is moot, we believe that the magistrate was correct in ruling that Baker failed to make a preliminary showing to justify a *Franks* hearing. As the magistrate noted, Baker's alleged absence at the time of surveillance did not contradict Zouglas's statement concerning the surveillance, and the neighbors' testimony was of no value. In addition, although Baker contended that the confidential informant gave false information to Zouglas, she made no showing that Zouglas intentionally repeated the allegedly false information in the affidavit.

■ We also agree with the magistrate and district court that, based on the totality of the circumstances, the search warrant was supported by probable cause. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit sets forth the informant's record of reliability and basis of knowledge, and the information was partially corroborated by the surveillance. *See United States v. Bourbon,* 819 F.2d 856, 858–59 (8th Cir.1987) (probable cause supported search warrant where affidavit stated informant had supplied reliable information in past and had personal knowledge of drug activity).

■ Baker also challenges the district court's application of the Sentencing Guidelines. Specifically, she alleges that the district court erred in applying an upward adjustment under Guidelines § 3C1.1 for obstruction of justice based on her attempt to destroy the cocaine, in applying an upward adjustment under § 2D1.1(b)(1) for possession of a firearm during commission of the offense, and refusing to grant a downward adjustment under § 3E1.1 for acceptance of responsibility. All of her arguments are without merit. *See, e.g., United States v. Patterson,* 890 F.2d 69, 71–73 (8th Cir.1989) (pre-arrest actions support adjustment for obstruction of justice); *United State v. Green,* 889 F.2d 187, 188 (8th Cir.1989) (unloaded handgun discovered in headboard of bed justified adjustment for possession of weapon during commission of offense); and *United States v. Grimes,* 899 F.2d 731, 732 (8th Cir.1989) (affirmance of denial of adjustment for acceptance of responsibility even though defendant supplied information about drug supplier).[2]

Accordingly, the judgment of the district court is affirmed.

---

**2.** In *United States v. Holland,* 884 F.2d 354, 359–60 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989), this court stated that "[b]ecause the trial court's upward adjustment for obstruction of justice was proper, the refusal to make a downward adjustment for acceptance of responsibility was correspondingly correct." We note that effective November 1, 1989, the commentary to Guidelines § 3E1.1 provides that "[c]onduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Even if the commentary were applicable, this would not be an "extraordinary case" warranting a downward adjustment for acceptance of responsibility.

Nor do we believe a remand is warranted under *United States v. Knight,* 905 F.2d 189 (8th Cir.1990). In *Knight,* this court held that a "district court retained discretion to grant the two-level reduction for acceptance of responsibility pursuant to section 3E1.1 if it believed that [a defendant] 'demonstrate[d] a recognition and affirmative responsibility' and 'sincere remorse' for the offense that he committed." (At 192.) The court remanded for resentencing because the record was unclear whether the district court applied the proper standard. Our review of the record in this case convinces us that the district court believed it retained the discretion to grant a downward adjustment, but refused to do so on the facts of the case, which included Baker's refusal to supply information about others and failure to acknowledge the sizeable quantity of drugs. We also note that at sentencing Baker justified her dealing in drugs by informing the court it was the only way she could support her children. Such a statement may not have demonstrated "sincere remorse" for her actions.