**UNITED STATES of America, Appellee,**

v.

**Larry DORTCH, Appellant.**

No. 89–2145.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1990.

Decided Jan. 18, 1991.

Frank Fabbri, III, St. Louis, Mo., for appellant.

Howard Marcus, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Larry Dortch appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri finding him guilty, pursuant to a guilty plea, of possession with intent to distribute of over 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant under the Sentencing Guidelines to 87 months imprisonment, 3 years supervised release, and a special assessment of $50.00. In this appeal appellant raises only sentencing issues and does not contest the validity of the underlying conviction. For reversal appellant argues the district court erred in granting an upward adjustment, or enhancement, for obstruction of justice under Guidelines § 3C1.1 and denying a downward adjustment, or reduction, for acceptance of responsibility under Guidelines § 3E1.1. For the reasons discussed below, we affirm the judgment of the district court.

FACTUAL BACKGROUND

On April 25, 1988, two St. Louis police officers saw a Bronco II violate a traffic

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

signal. The police officers activated their red lights and signaled the Bronco II to pull over to the curb. Appellant was driving the Bronco II. When one police officer approached the Bronco II on foot, he saw appellant toss something out of the passenger window. The other police officer found the object. It was a plastic bag; inside there were four smaller plastic bags, each containing cocaine, in total less than 50 grams. The officers then searched the Bronco II, found an Ohaus triple beam balance scale with white powder residue and another plastic bag containing more than 500 grams of 98% pure cocaine, and arrested appellant. Appellant told the arresting officers that the Bronco II belonged to his mother and that the drugs belonged to his mother's boyfriend, whom appellant identified as a dope dealer.

In May 1988 a federal grand jury indicted appellant and charged him with one count of possession with intent to distribute of over 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Appellant voluntarily surrendered to authorities. He filed pre-trial motions to suppress evidence and statements. In April 1989 appellant entered a plea of guilty to the federal charge. He also did not contest the forfeiture of the Bronco II to the state. During the presentence investigation appellant admitted to the probation officer that the cocaine found in the Bronco II was his and that he planned to sell the cocaine to support his family. The presentence report recommended a base offense level of 26, plus an enhancement of 2 points for obstruction of justice under Guidelines § 3C1.1 for tossing the cocaine out of the window, no reduction for acceptance of responsibility under Guidelines § 3E1.1 because he initially denied personal responsibility for the cocaine found in the Bronco II, for a total offense level of 28. At criminal history category II, the applicable sentencing guideline range was 87–108 months.

At the sentencing hearing in June 1989 appellant objected to the recommendation of an enhancement for obstruction of justice. He argued that tossing the cocaine out of the window was an impulsive act and not a willful attempt to destroy evidence. Appellant also argued that he should receive the two-point reduction for acceptance of responsibility, citing his cooperation with the probation officer, guilty plea, withdrawal of his pre-trial motion to suppress, voluntary surrender to authorities, and acquiescence in the forfeiture of the Bronco II by the state. The district court rejected the argument that tossing the cocaine out of the window was merely an impulsive act that did not warrant an enhancement for obstruction of justice, but did not make a specific finding on acceptance of responsibility, and sentenced appellant to 87 months imprisonment, the lower end of the applicable guideline sentencing range of 87–108 months (total offense level 28 at criminal history category II). This appeal followed.

## OBSTRUCTION OF JUSTICE

■ Appellant first argues the district court erred in granting an enhancement for obstruction of justice under Guidelines § 3C1.1. He argues that tossing the cocaine out of the window was an impulsive act, similar to flight to avoid apprehension, and thus not the kind of willful or purposeful act required under the guideline. Appellant cites in support *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990). Appellant also argues that, because there was no on-going drug investigation at the time he tossed the cocaine out of the window, such conduct could not have obstructed any investigation of the "instant offense," that is, possession with intent to distribute of over 500 grams of cocaine.

"The question whether section 3C1.1 applies to [appellant's] conduct calls for an interpretation of the scope of the guideline. It is therefore a question of law which this court may review *de novo*." *United States v. Werlinger*, 894 F.2d 1015, 1016 (8th Cir. 1990). We think appellant's reliance on *United States v. Stroud* is misplaced. The present case does not involve flight to avoid apprehension. The defendant in *United States v. Stroud* made "extraordinary efforts" to flee once he realized he had been detected by the police. The Second Circuit characterized the defendant's flight as "a natural attempt to avoid appre-

hension," 893 F.2d at 508, and held that "mere flight in the immediate aftermath of a crime, without more, is insufficient to justify a section 3C1.1 obstruction of justice enhancement." *Id.* at 507 (footnote omitted). Unlike the defendant in *United States v. Stroud,* appellant did not flee when the police approached; instead, he tossed a plastic bag of cocaine out of the window of his vehicle. Such an act was a deliberate attempt to conceal or destroy material evidence from police within the meaning of Guidelines § 3C1.1.[2] *Cf. United States v. Baker,* 907 F.2d 53, 55 (8th Cir.1990) (per curiam) (increase for obstruction of justice for attempting to flush cocaine down toilet during execution of search warrant); *United States v. Cain,* 881 F.2d 980, 982 (11th Cir.1989) (increase for obstruction of justice for throwing cap containing stolen checks under parked car upon approach of postal authorities); *United States v. Galvan–Garcia,* 872 F.2d 638, 641 (5th Cir.) (increase for obstruction of justice for tossing bags of marijuana out of car during high speed chase in border area), *cert. denied,* —— U.S. ——, 110 S.Ct. 164, 107 L.Ed.2d 122 (1989).

Appellant also argues that the district court erred in applying the increase for obstruction of justice because at the time he tossed the cocaine out of the window, the "instant offense" under investigation was a traffic violation and not the drug offense. The government does not respond to this argument. We think appellant's argument defines "instant offense" too narrowly. Guidelines § 3C1.1 does refer to the "instant offense," but we think the term "instant offense" refers to the offense of conviction. *See United States v. Roberson,* 872 F.2d 597, 609 (5th Cir.)

(construing instant offense to refer to offense of conviction), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). The offense of conviction may or may not be the offense which initially attracted the attention of the police. For example, in *United States v. Patterson,* 890 F.2d 69, 70–72 (8th Cir.1989), the defendant was arrested for reckless driving but eventually plead guilty to bank robbery. In response to questioning by arresting officer and later by FBI agent, the defendant gave a false name. We affirmed an increase for obstruction of justice for providing a false name to the arresting officer and the FBI agent. *Id.* at 71. *Cf. United States v. Galvan–Garcia,* 872 F.2d at 641 (following trigger of electronic sensors at border, government agents observed vehicle driving in suspicious pattern; increase for obstruction of justice for tossing bags of marijuana out of car during high speed chase); *United States v. Roberson,* 872 F.2d at 609 (defendant was arrested for public intoxication and later convicted of credit card fraud; increase for obstruction of justice for attempting to conceal credit card in police car).

In the present case the traffic violation initially prompted the police to stop appellant's vehicle. It was appellant's tossing an object out of the window in an attempt to conceal any connection between himself and the object that aroused the suspicion of the police and prompted their subsequent search of appellant's vehicle and led to the discovery of over 500 grams of cocaine. Tossing the object out of the window was the very act that precipitated the investigation of the "instant offense" or offense of conviction, the possession with intent to distribute of over 500 grams of cocaine.

---

**2.** We note that effective November 1, 1990, Guidelines § 3C1.1 and its accompanying commentary were amended. The Guidelines as amended continue to list destroying or concealing evidence material to an official investigation or judicial proceeding, or attempting to do so, as an example of the type of conduct covered by the obstruction of justice enhancement. Guidelines § 3C1.1, application note 3(d) (1990). However, the application note as amended contains the following significant limitation:

[I]f such conduct occurred contemporaneously with arrest (*e.g.,* attempting to swallow or throw away a controlled substance), it shall

not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

*Id.* Thus, conduct such as appellant's tossing cocaine out of the window, absent a material hindrance of the investigation, would not now, standing alone, constitute obstruction of justice under Guidelines § 3C1.1, application note 3(d), as amended. Because appellant was sentenced before the effective date of the amendment, the 1990 amendment does not apply.

## ACCEPTANCE OF RESPONSIBILITY

 Appellant next argues the district court erred in denying him a reduction for acceptance of responsibility under Guidelines § 3E1.1. As a preliminary matter, he argues the district court erred in failing to make specific factual findings on the issue of a reduction for acceptance of responsibility under Guidelines § 3E1.1. We agree with appellant that the district court should make specific factual findings on all disputed sentencing issues. Specific factual findings both focus the district court's application of the sentencing guidelines and provide an evidentiary basis for appellate review of the sentence imposed. *See United States v. Lanese*, 890 F.2d 1284, 1294 (2d Cir.1989) (*citing United States v. Mejia–Orosco*, 867 F.2d 216, 221–22 (5th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989), and *United States v. Herrera*, 878 F.2d 997, 1002 (7th Cir. 1989)), *cert. denied*, — U.S. —, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990). Nonetheless, in the present case, we agree with the government that even though the district court made no express findings, it is implicit in the sentence actually imposed by the district court that the district court rejected appellant's arguments and resolved the disputed issues against him.

On the merits appellant argues the district court should have granted him a reduction for acceptance of responsibility under Guidelines § 3E1.1 because he voluntarily surrendered to authorities, acquiesced in the forfeiture of his vehicle, cooperated with the probation officer, withdrew his motions to suppress evidence and statements, and entered a plea of guilty. We disagree. The district court correctly denied appellant a reduction for acceptance of responsibility because, at the time appellant was sentenced in June 1989, the guidelines provided that no reduction for acceptance of responsibility was warranted "where a defendant ... obstructs ... the administration of justice." *See* Guidelines § 3E1.1, application note 4 (1988); *United States v. Drew*, 894 F.2d 965, 974 (8th Cir.) (no adjustment under § 3E1.1 if adjustment under § 3C1.1), *cert. denied*, — U.S. —, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990); *United States v. Holland*, 884 F.2d 354, 359 (8th Cir.) (same), *cert. denied*, — U.S. —, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989).[3]

Accordingly, the judgment of the district court is affirmed.

---

**3.** We note that application note 4 was amended effective November 1, 1989, to provide that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his [or her] criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *See United States v. Baker*, 907 F.2d 53, 55 n. 2 (8th Cir.1990) (per curiam), *citing United States v. Holland*, 884 F.2d 354, 359–60 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989). Even assuming for purposes of argument that the application note as amended applied to appellant, this is not the kind of "extraordinary case" in which both an increase for obstruction of justice and a reduction for acceptance of responsibility would be warranted. Appellant did plead guilty and cooperated with the authorities with respect to his case, but he also made a false exculpatory statement at the time of arrest, justified his involvement with cocaine as a means of supporting his family, and did not supply any information about others.