935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jasper Wayne YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5099.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1991.
 
 Before KENNEDY, BOYCE F MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 ORDER
 Jasper Wayne Young, a pro se federal prisoner, appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 In January 1989, Young pled guilty, pursuant to a Fed.R.Crim.P. 11 plea agreement, to one count of unlawful possession of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841(a), and one count of carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). The plea agreement required in pertinent part, that the government recommend that Young be sentenced to the lowest applicable sentence within the sentencing guideline range on the drug distribution charge and that he receive a mandatory five year sentence on the firearm charge. At sentencing in March 1989, the district court found that Young's total offense level was thirty and that his criminal record placed him in criminal history category IV. This produced a guideline range of 135 to 168 months. In accordance with the plea agreement, Young was sentenced to 135 months imprisonment on the drug distribution count and a mandatory, consecutive sixty month term on the firearm count. He did not file a direct criminal appeal.
 Thereafter, in August 1989, Young filed his Sec. 2255 motion asserting: (1) that the district court erred in accepting his guilty plea because it was not knowingly and voluntarily entered; (2) that his guilty plea was the result of the ineffective assistance of his trial counsel; (3) that the district court erred at sentencing when it failed to reduce his offense level by two levels for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1; and (4) that the district court erred at sentencing when it increased his offense level by two levels for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1.
 
 
 1
 After a review, the district court dismissed Young's Sec. 2255 motion, finding that his assertions of error were meritless. Young has filed a timely appeal. In addition to the issues raised in his Sec. 2255 motion, Young argues on appeal that the district court should not have accepted his guilty plea because he was coerced into pleading guilty by his attorney.
 
 
 2
 Upon review, we conclude that Young's guilty plea was knowing, intelligent and voluntary, that his counsel rendered effective assistance, and that the district court properly applied the sentence guidelines.
 
 
 3
 Under a review of the totality of the circumstances, we conclude that Young entered a knowing, intelligent, and voluntary plea of guilty. See Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238 (1969). The district court also properly denied Young a two level downward adjustment under U.S.S.G. Sec. 3E1.1. A guilty plea does not entitle a defendant to a sentence reduction for acceptance of responsibility as a matter of right. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The district court also properly applied the upward adjustment for obstruction of justice. See U.S.S.G. Sec. 3C1.1, comment. (n. 1(a)). Young also failed to show that his counsel was ineffective. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Finally, we do not address Young's assertion that his guilty plea was coerced by his counsel because it was not raised before the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 4
 Accordingly, the district court's judgment is affirmed for the reasons stated in the district court's order of dismissal filed November 9, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.