**UNITED STATES of America, Appellee,**

v.

**Dale Warren PATTERSON, Appellant.**

**No. 91–1462.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1991.

Decided Oct. 16, 1991.

Rehearing and Rehearing En Banc Denied Nov. 27, 1991.

Timothy McCarthy II, Des Moines, Iowa, for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before BEAM and LOKEN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Patterson appeals his conviction of one count of conspiracy to distribute cocaine and his seventy-four-month sentence. We affirm.

A grand jury indicted Patterson for conspiring to distribute cocaine from January 1989 to January 1990, and with distributing cocaine on November 1, 1989. Following a three-day trial, a jury convicted Patterson of the conspiracy count, but found him not guilty of distribution. Patterson objected to the offense level set by the presentence report (PSR) and argued he was entitled to

---

a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

Following a hearing at which both Patterson and the government presented testimony, the district court[1] sustained Patterson's objections to the offense level in the PSR. The court did not, however, specifically address Patterson's request for a two-level acceptance of responsibility reduction. The court sentenced Patterson to seventy-four months' imprisonment, and this appeal followed.

On appeal, Patterson contends that the district court's failure to make specific findings on his request for an acceptance of responsibility reduction violated 18 U.S.C. § 3553(c), and requires remand. Alternatively, Patterson contends the denial of the reduction was clearly erroneous. Also, for the first time on appeal, Patterson argues that his conviction should be reversed because trial counsel was ineffective for failing to cross-examine the government's "star witness."

■■■ We agree with Patterson's argument that a district court should state its reasons for imposing a particular sentence. We reject, however, Patterson's claim that remand is required when, as here, the record is clearly sufficient to permit a meaningful review by an appellate court. *See, e.g., United States v. Dortch*, 923 F.2d 629, 633 (8th Cir.1991) (remand for specific findings unnecessary where it is implicit that district court rejected defendant's acceptance of responsibility argument). *See also United States v. Hardeman*, 933 F.2d 278, 283 (5th Cir.1991), *United States v. Caruth*, 930 F.2d 811, 816 (10th Cir.1991), *United States v. Bianco*, 922 F.2d 910, 914 n. 4 (1st Cir.1991) and *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990). Moreover, we have reviewed the record and conclude that it clearly supports the district court's rejection of the acceptance of responsibility reduction. Finally, we will not consider on appeal "an ineffective assistance claim not first presented to the district court and on which a proper record

has not been made." *United States v. Duke*, 940 F.2d 1113, 1120 (8th Cir.1991). We note, however, that Patterson may raise his ineffective assistance claim in a 28 U.S.C. § 2255 motion. *See United States v. Murdock*, 928 F.2d 293, 298 (8th Cir. 1991).

Accordingly, we affirm.

HEANEY, Senior Circuit Judge, concurring and dissenting.

As one who believes the district court should be given the maximum discretion in fixing sentences, I should applaud the result in this case, but I cannot because I am not willing to ignore the plain language of 18 U.S.C. § 3553(c), which requires that the district court state its reasons for imposing its sentence. Here, the district court not only failed to give any reasons for denying a downward adjustment for acceptance of responsibility, but made no findings on the matter. While the court can derive some comfort from *United States v. Dortch*, 923 F.2d 629 (8th Cir.1991), I do not believe that case can be read to support the proposition that a district judge need not give any reason for rejecting a request for acceptance of responsibility.

*Dortch* involved an increase for obstruction of justice. At the time Dortch was sentenced, an obstruction enhancement precluded a reduction for acceptance of responsibility. Thus, the district court in *Dortch* necessarily resolved the acceptance of responsibility question when it enhanced the defendant's sentence for obstruction. The *Dortch* panel did not announce a general rule. Instead, it noted the district court should make specific factual findings but added that

[i]n the present case, we agree with the government that even though the district court made no express findings, it is implicit in the sentence actually imposed by the district court that the district court rejected appellant's arguments and resolved the disputed issues against him.

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

*Id.* at 633. Unlike *Dortch,* this case does not involve the interplay between an obstruction of justice enhancement and a credit for acceptance of responsibility. Therefore, we cannot infer how or why the district court declined to grant Patterson credit for acceptance of responsibility.

Specific factual findings are required by statute. 18 U.S.C. § 3553(c) provides that "the court at the time of sentencing should state the reason for the imposition of the particular sentence." This requirement does not arise because of a fetish for formality, but because meaningful appellate review requires it. *See* 18 U.S.C. § 3742(e)(3)(B).

If we do not remand for resentencing here, the *Dortch* exception will not only swallow the rule stated in section 3553(c), but also will make a dead letter out of *Dortch*'s own recommendation in favor of specific factual findings. The lesson the district courts will take from this case is that it is better to be silent than to give a reason for sentencing: you can be reversed for an improper reason you articulate, but you will not be reversed if you are silent.

We should remand this case to the district court for resentencing. At that time the district court can either grant or deny a two-level reduction for acceptance of responsibility and give its reason for taking either action. If the reason is inappropriate, we may have another appeal. If not, the case will be closed.[1]

---

**1.** I agree with the court that Patterson's ineffective assistance claim should be raised in a petition under 28 U.S.C. § 2255.