972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ronnie Lee LAUDERDALE, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-2920EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 9, 1992.
Filed: August 14, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie Lee Lauderdale appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Lauderdale first contends his trial counsel rendered ineffective assistance by failing to advise Lauderdale he could appeal his conviction and sentence pro se or with court-appointed counsel. The district court found Lauderdale agreed not to appeal if the government dropped a charge pending against him. Lauderdale's counsel advised him not to appeal to get the other charge dismissed. We agree with the district court that this advice was not constitutionally deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 3
 Lauderdale next contends he was denied equal protection because the jury venire contained only one black person and his counsel was ineffective for failing to raise the issue. Lauderdale failed to show blacks were under-represented on his venire, blacks were improperly excluded from his venire, or blacks have not been summoned for jury duty over an extended period of time. Lauderdale thus has not made a prima facie case, and his equal protection and ineffective assistance of counsel contentions are without merit. United States v. Garcia, 836 F.2d 385, 388 (8th Cir. 1987).
 
 
 4
 Lauderdale also contends evidence was seized during an illegal search and counsel was ineffective for failing to supplement and pursue a motion to suppress. Lauderdale has failed to identify what evidence should have been suppressed at trial. Thus, these claims are meritless.
 
 
 5
 Finally, Lauderdale contends the trial court sentenced him without making findings regarding his objections to the presentence report. Our review of the record discloses the trial court considered Lauderdale's objections after allowing Lauderdale to make a statement to the court. The trial court then made its findings and overruled Lauderdale's objections. We conclude the record clearly supports the trial court's findings. See United States v. Patterson, 946 F.2d 1371, 1372 (8th Cir. 1991) (per curiam).
 
 
 6
 Lauderdale raises other claims that we will not consider for the first time on appeal. Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 7
 Accordingly, we affirm.