978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Janice F. BRADLEY, also known as Lady Buck, Appellant.
 No. 92-2260.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 26, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Janice F. Bradley appeals the forty-six-month prison sentence imposed upon her by the district court[1] following her plea of guilty to two violations of 21 U.S.C. §§ 841(a)(1), 860(a). She argues that the district court erred in failing to reduce her offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. We affirm.
 
 
 2
 The presentence report and Bradley's testimony at her sentencing hearing indicated that she had violated the conditions of her pretrial release by using drugs and by leaving a halfway house without permission. This evidence also indicated that, despite Bradley's acknowledgment of her role in the charged offenses and her agreement to cooperate with authorities, she refused to reveal the names of individuals that had purchased drugs from her source. Based on this evidence, the district court denied Bradley the acceptance-of-responsibility reduction.
 
 
 3
 The district court's findings regarding acceptance of responsibility are entitled to great deference and we may not reverse unless the findings are clearly erroneous. United States v. Laird, 948 F.2d 444, 446-47 (8th Cir. 1991). While Bradley's guilty plea and admission of involvement in the charged offenses and related conduct were evidence of her acceptance of responsibility, the district court concluded that this evidence was outweighed by Bradley's conduct that was inconsistent with such acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.3). Bradley failed to disclose to authorities-despite several opportunities to do so-information regarding other individuals who had purchased drugs from her source. She also violated the conditions of her pretrial release by using drugs and by leaving the halfway house without permission from the court or her probation officer. See United States v. Eberspacher, 936 F.2d 387, 389 (8th Cir. 1991) (denial of section 3E1.1 reduction upheld where defendant pleaded guilty but refused to name drug source, bordered on perjuring himself at plea hearing, and tested positive for cocaine use while released on bond); United States v. Baker, 907 F.2d 53, 55 n.2 (8th Cir. 1990) (per curiam) (affirmance of denial of section 3E1.1 reduction based in part on defendant's refusal to supply information about others). The district court's finding denying the reduction for acceptance of responsibility is not clearly erroneous.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska