986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jasper Wayne YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5659.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner-Appellant Jasper Wayne Young appeals the denial of his second 28 U.S.C. § 2255 motion. For reasons stated herein, the district court will be affirmed.
 
 Background
 
 2
 On March 17, 1989, Young was sentenced for violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Young filed an initial § 2255 motion to vacate the sentence imposed for these violations on August 3, 1989. As one of several grounds offered to support this motion, Young claimed that the district court improperly assessed a two-level increase in his offense level for obstruction of justice.[1]
 
 
 3
 The district court denied Young's first § 2255 motion without an evidentiary hearing on November 8, 1990, based on the files and records of the case. The decision denying Young's first § 2255 motion incorporated the court's rejection of Young's argument at the sentencing hearing relating to the increase in his offense level. At the sentencing hearing, Young claimed he did not obstruct justice when he dropped or threw away cocaine base and a gun upon the approach of the arresting officers. Young argued that this response, "[w]hen the officers confronted him with their raid jackets on," was "purely human" and not "criminal." He disclaimed "any real deliberate intent to throw anything away." In rejecting Young's argument, the court stated that it did not "know how a discarded weapon and drugs would not be said to be a concealment, or attempt to conceal" and noted that "[t]he guidelines say concealment can be obstruction of justice."
 
 
 4
 This court affirmed the judgment of the district court in Young v. United States, No. 91-5099, 1991 WL 94430, 1991 U.S.App. LEXIS 12109 (6th Cir. June 5, 1991). Young filed a second § 2255 motion on March 13, 1992, which again alleged that the district court erred by increasing Young's offense level for obstruction of justice. Young argued that his pre-arrest actions did not constitute obstruction of justice under U.S.S.G. § 3C1.1. In a new vein, supporting the same old argument, Young claimed that intervening changes in the commentary to § 3C1.1 of the Sentencing Guidelines required that this ground be redetermined on its merits. Young now appeals the district court's March 30, 1992, Order, which summarily denied the second § 2255 motion.
 
 Analysis
 
 5
 The principles governing the treatment of a second or successive § 2255 motion are set forth in Sanders v. United States, 373 U.S. 1 (1963), and codified in Rule 9(b) of the Rules Governing Proceedings in the United States District Courts under § 2255 of Title 28, United States Code. See Campbell v. Blodgett, 978 F.2d 1502, 1513 (9th Cir.), reh'g en banc granted, 978 F.2d 1519 (9th Cir.1992). Under these principles, a district court may give controlling weight to the denial of a prior application for § 2255 relief "if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders, 373 U.S. at 15. Rule 9(b) similarly states that
 
 
 6
 [a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits....
 
 
 7
 28 U.S.C. § 2255 Rule 9(b). Therefore, the district court acted within its discretion in giving controlling weight to the denial of Young's first § 2255 motion.
 
 
 8
 First, the ground presented in Young's second § 2255 motion was determined adversely to him in the decision on the first motion. Young argued that he was improperly assessed an increase in his offense level for obstruction of justice in each of his § 2255 actions. Accordingly, he has twice stated the identical ground for relief. See Sanders, 373 U.S. at 16. Furthermore, even if Young had supported the second § 2255 motion with "different factual allegations [or] ... different legal arguments," the second motion would not have raise a ground distinct from that already adjudicated in the decision on the first motion. Id.
 
 
 9
 Second, the decision on the first motion adjudicated the merits of the ground presented in the second motion, as fact issues raised in the first motion were conclusively resolved on the "files and records" of this case and the second motion raised no new fact issues. See Sanders, 373 U.S. at 16. The decision on the first motion accepted that Young dropped the cocaine and the gun. The second motion added that these items were thrown four or five feet from Young and in opposite directions. The decision on the first motion accounted for Young's assertion that he dropped the cocaine and gun for fear of being shot. The second motion explained what context had already made obvious, that he dropped the items when police approached. The second motion also gratuitously added that officers immediately retrieved both the cocaine and the weapon. In sum, the second action raised no new issues of fact but merely elaborated on facts resolved in the decision on the first motion. For this reason, the first motion was decided on the merits.
 
 
 10
 Third, where purely legal questions are involved, an applicant may be entitled to redetermination "upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior [motion]." Sanders, 373 U.S. at 17. Furthermore, the text and commentary to U.S.S.G. § 3C1.1 were amended, effective November 1, 1990, after Young filed his first § 2255 motion and before the district court ruled on his second § 2255 motion.[2] Young did not, therefore, discuss the amendment in his initial § 2255 motion. However, even if Young could prevail under the amended law, he has not shown that it retroactively applies to his case. Because Young has failed to do this, it was not an abuse of discretion to find that the ends of justice do not require redetermination of the ground raised in Young's first § 2255 motion.[3]
 
 
 11
 Congress gave the Sentencing Commission "the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. This power has been implemented in Guideline § 1B1.10, which sets forth the amendments that justify sentence reduction." Braxton v. United States, 111 S.Ct. 1854, ---- (1991) (citation omitted). In accordance with Congressional expectations, the Commission decided not to give retroactive effect to amendments which generally reduced the maximum of the guideline range by less than six months. S.Rep. No. 225, 98th Cong., 1st Sess. 180 (1983), U.S.S.G. § 1B1.10, comment. The Commission did not give § 3C1.1 retroactive effect. The retroactive effect of that section's amended commentary must therefore be considered apart from the provisions of § 1B.10.
 
 
 12
 The Eighth Circuit has given determinative weight to the date of sentencing in applying Note 3 of the amended commentary to § 3C1.1. First, United States v. Dortch, 923 F.2d 629 (8th Cir.1991), admitted that conduct such as "tossing cocaine out of the window, absent a material hindrance to the investigation, would not now [under new Note 3], standing alone, constitute obstruction of justice." Id. at 632 n. 2. However, the court decided that the new Note 3 was inapplicable where the "appellant was sentenced before the effective date of the amendment." Id. Second, United States v. Sparks, 949 F.2d 1023 (8th Cir.1991), cert. denied, 112 S.Ct. 1987 (1992), upheld an obstruction of justice enhancement against a defendant who had discarded a container of cocaine base just before being apprehended. Id. at 1028. Sparks refused to apply the amended commentary, which had gone into effect just days after sentencing, and on this basis denied the appellant's challenge. Id. Under the rule of Dortch and Sparks, Young cannot take advantage of new Note 3 because it was not in effect when he was sentenced.
 
 
 13
 Against Eighth Circuit law, Young rests his argument on United States v. Sanchez, 928 F.2d 1450 (6th Cir.1991). In Sanchez, two defendants attempted to avoid apprehension by law enforcement officials and so " 'impeded ... the administration of justice.' " Id. at 1458 (quoting U.S.S.G. § 3C1.1). In reviewing the district court's decision, Sanchez cited Note 4 of the amended commentary to § 3C1.1. This Note, amended after the district court judgment, lists types of conduct that, taken alone, "do not warrant application of this enhancement." U.S.S.G. § 3C1.1, comment (n. 4). The Sanchez court decided that the listed conduct encompassed the defendants' behavior and thus did not apply the penalty enhancement. Id. at 1459. Sanchez recognized that the new commentary was unavailable to the district court at sentencing but "fe[lt] that proper application of the Guidelines on a consistent basis warrant[ed] a remand for resentencing." Id. Unlike Dortch and Sparks, then, Sanchez did not give determinative weight to the date of sentencing but gave new Note 4 retroactive effect.
 
 
 14
 Sanchez does not control the result of this case. First, courts generally are to consider the Notes and Guidelines that are "in effect on the date that the defendant is sentenced" when applying the Sentencing Guidelines. 18 U.S.C. §§ 3553(a)(4), (a)(5). While Sanchez did not follow this rule as to new Note 4, it "made no holding on when or if commentary amendments generally should be applied retroactively." United States v. Beckley, No. 91-6177, 1992 WL 172127, at * 7, n. 11, 1992 U.S.App. LEXIS 17473, at * 23 n. 11. (6th Cir. July 22, 1992), petition for cert. filed, 61 U.S.L.W. ---- (U.S. Dec. 7, 1992) (refusing to apply retroactively amended guideline commentary for U.S.S.G. § 4B1.2). Furthermore, although other courts of appeals have retroactively applied amendments to commentary where they clarify rather than alter the commentary, the Eighth Circuit did not make this distinction in addressing the retroactivity of Note 3. See Sparks, 949 F.2d 1023; United States v. Watts, 940 F.2d 332 (8th Cir.1991); and Dortch, 923 F.2d 629. Like the Eighth Circuit, we apply the Note 3 commentary in effect at Young's sentencing even though the purpose of this commentary is to clarify the operation of § 3C1.1--not to make substantive changes. U.S.S.G., App. C (amendment 347) (Nov. 1990).
 
 
 15
 Sanchez would be inapplicable to this case even if this court decided to give retroactive effect to the Note 3 commentary which clarifies § 3C1.1's operation. Unlike Sanchez, this case involves a collateral attack in an area of law already addressed by a prior decision of this court. The prior decision held that "[t]he district court ... properly applied the upward adjustment for obstruction of justice." Young, 1991 WL 94430, at * 1, 1991 U.S.App. LEXIS 12109 at * 4. In so doing, as to certain aspects of § 3C1.1, this prior decision stated the law of this circuit as it existed before the 1990 amendments. This means that, while Sanchez may have used Note 4 to clarify retroactively the pre-amendment operation of one aspect of § 3C1.1, Young stated the pre-amendment law in cases involving destruction and concealment of evidence. Although this court will apply the amended guideline commentary to post-amendment cases, it should be slow in overruling the law of the case. Admittedly, it may change its ruling, especially where there has been an intervening change of controlling law, Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). However, where the district court had the discretion to act on a second motion, we decline to find there was an abuse of discretion under the circumstances of this case. For this reason, new Note 3 would not apply to this case even if retroactive clarification in the style of Sanchez were generally permissible. Accordingly, Young has not shown either that there was an intervening change in the law that applies to his case or that the ends of justice would be served by deciding the merits of the second motion.
 
 Conclusion
 
 16
 The principles set forth in Sanders and codified in Rule 9(b) govern this case. Under these principles, controlling weight may be given to the denial of Young's prior § 2255 motion because: (1) the same ground presented in the second motion was determined against Young in the decision on the first motion, (2) the first motion was decided on the merits, and (3) the ends of justice would not be served by deciding the merits of the second motion. Sanders 373 U.S. at 15; 28 U.S.C. § 2255 Rule (9)(b). Accordingly, the district court acted within its discretion when it refused "to entertain a second or successive motion for similar relief on [Young's] behalf." 28 U.S.C.A. § 2255. For this reason, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In view of Application Note 1 to U.S.S.G. § 3E1.1, which states that enhancement of a sentence under U.S.S.G. § 3C1.1 ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct, Young was also denied a two-level reduction for acceptance of responsibility
 
 
 [2]
 At the time Young was sentenced, § 3C1.1 read as follows: "If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (1989). Section 3C1.1 was amended, effective November 1, 1990, to read as follows: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (1990)
 The commentary to § 3C1.1 was also amended, effective November 1, 1990, by deleting existing Notes 1-4 and inserting new Notes 1-4. New Note 3 non-exhaustively lists types of conduct to which the 3C1.1 enhancement applies. However, Note 3 also states that conduct aimed at concealing or destroying evidence, "if such conduct occurred contemporaneously with arrest (e.g., attempting to ... throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction." U.S.S.G.App. C (amendment 347) (Nov. 1990).
 
 
 [3]
 The intervening change of law must be applicable to Young's case before the "ends of justice" are implicated. See, e.g., United States v. Jasper, 481 F.2d 976 (3d Cir.1973) (applying the amended version of a law at the second resentencing of a defendant who had been illegally sentenced and resentenced originally). In Jasper, the later § 2255 petition was not successive because the prior application was not resolved on the merits and there was a change in the law of remedies which applied to the defendant. Id. at 980