UNITED STATES of America, Appellee,

v.

Albert H. ALLEN, Jr., Appellant.

No. 93–2025.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 20, 1993.

Decided Sept. 24, 1993.

William C. McArthur, Little Rock, AR, argued, for appellant.

Kevin T. Alexander, Little Rock, AR, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Albert Harold Allen appeals his sentence of 168 months imposed by the district court [1] after Allen pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute in excess of one kilogram of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), two counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. We affirm.

It is undisputed that Allen was arrested in April 1992 for conspiring with others to distribute methamphetamine. At his initial appearance and bond hearing, Allen testified that his father owned and supplied the money to purchase two houses located in North Little Rock, Arkansas. When he made these statements, Allen had not been charged with laundering money. Later, Allen recanted his previous testimony and admitted that he purchased the houses and titled them in his father's name. At sentencing, special agent Glenn Perciful testified that he had to change his investigation efforts after Allen denied purchasing the properties because he had to prove Allen's parents lacked the financial ability to make the purchases.

The district court determined that the base offense level of 34 was subject to a two-level increase under U.S.S.G. § 3B1.1(c). The court also determined that the base offense level was subject to a two-level increase for obstruction of justice because Allen committed perjury in order to impede the government's investigation when he stated that the two houses he had purchased belonged to his father. With a three-level reduction for acceptance of responsibility, the total offense level was 35. With a criminal history category of I, the Guidelines range was 168 to 210

months. The court sentenced Allen to 168 months to be followed by a five-year term of supervised release.

Allen now argues that the district court erred by assessing a two-level obstruction-of-justice increase. Allen admits that he falsely stated that he did not provide any of the money to purchase the two houses that were titled in his father's name, but he argues that he had not been indicted for money laundering when he committed perjury and therefore, his statement could not have impeded investigation of the "instant offense." He also alleges he did not impede or obstruct the government's investigation because the property was seized without opposition.

We conclude that the district court's finding that Allen's perjury impeded the government's investigation is not clearly erroneous. See United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir.1993) (standard of review). Allen's argument that his perjury did not impede the investigation of the "instant offense" is meritless because "instant offense" under section 3C1.1 is the offense of conviction. See United States v. Dortch, 923 F.2d 629, 632 (8th Cir.1991). "The offense of conviction may or may not be the offense which initially attracted the attention of the police," id., and Allen pleaded guilty to laundering money by purchasing the two houses that he denied he owned at his initial appearance.

Accordingly, we affirm.

---

**1.** The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.