134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Fernando GONZALEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo YUDICE-CAMPOS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique AVALOS-BARRIGA, Defendant-Appellant.
 Nos. 97-50016, 97-50043, 97-50142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1998.
Decided Jan. 22, 1998.
 
 1
 Before: LAY** GOODWIN, SCHROEDER Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendants Luis Fernando Gonzalez and Ricardo Yudice-Campos appeal from the sentences imposed upon them by the district court, following their guilty pleas to conspiracy to import and possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Co-defendant Enrique Avalos-Barriga appeals from his continuing criminal enterprise conviction under 21 U.S.C. § 848(c)(2)(B). We have jurisdiction in all three cases under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part, and we vacate in part.
 
 I.
 
 4
 First we dispose of the issues raised by Gonzalez and Yudice-Campos. Both defendants assign error to the district court's determination that they did not qualify for relief under the "safety valve" provision of Sentencing Guideline § 5C1.2. However, the uncontradicted evidence showed that both defendants failed to provide the government with all the information they had concerning their knowledge of or involvement in the drug conspiracy with which they were charged. Because full disclosure is a prerequisite to the applicability of the "safety valve" provision, see 18 U.S.C. § 3553(f)(5), the district court did not err in refusing to grant the defendants protection under the "safety valve" provision. The fact that full disclosure to the government might have placed the defendants or their families in danger is inapposite. The test Congress set out in § 3553(f) for "safety valve" protection calls for complete and truthful disclosure. It provides for no exceptions. See United States v. Montanez, 82 F.3d 520, 523 (1st Cir.1996).
 
 
 5
 The defendants' next argument that their cases should nevertheless be remanded for re-sentencing because the district court failed to adequately state its reasons in open court for imposing its sentences, as required by 18 U.S.C. § 3553(c), is unavailing. The district court explicitly referenced the applicable sentencing guidelines in imposing its sentences. The court discussed the defendants' base offense levels, their criminal histories, and the recommended guideline ranges, before imposing its sentences, putting both defendants on notice of how the court numerically arrived at their particular sentences. In this way, this case can be distinguished from United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996) and United States v. Vallejo, 69 F.3d 992, 994-95 (9th Cir.1995), as amended on denial of reh'g and reh'g en banc (1996), cert. denied, --- U.S. ----, 116 S.Ct. 1447 (1996).
 
 
 6
 The defendants nonetheless complain that the district court erred in failing to state its reasons for denying application of the "safety valve" provision. However, the district court denied application of the "safety valve" provision only after allowing extensive briefing and oral argument on the matter. The parties had stipulated that the first four requirements for the "safety valve" provision had been met. Thus, the only issue in dispute was whether the defendants had satisfied the fifth requirement which requires complete and truthful disclosure by a defendant of all information he or she has concerning the charged offenses. 18 U.S.C. § 3553(f)(5). In denying "safety valve" protection in these cases, the district court had to have found that the defendants did not truthfully provide the government with all the information they had concerning their charged offenses. See United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990) (holding that although the district court failed to explicitly state in open court the reasons for its imposition of sentence, it was apparent from the facts that the sentencing judge flatly rejected appellant's arguments); United States v. Dortch, 923 F.2d 629, 633 (8th Cir.1991) (finding that although the district court made no express findings, it is implicit in the sentence actually imposed that the district court rejected appellant's arguments and resolved the disputed issues against him). Significantly, neither defendant, at the time of sentencing, felt the need to request a an explanatory statement that they had not been forthcoming in their disclosures.
 
 
 7
 However, even if the district court did fail explicitly to state its reasons for denying the defendants "safety valve" protection, the error is harmless. A remand would be an idle gesture because the record developed on the "safety valve" issue at the sentencing hearing is sufficient to permit meaningful appellate review by this court. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (holding that although the district court should make clear on the record its resolution of all disputed matters, the case need not be remanded where the record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided); United States v. Patterson, 946 F.2d 1371,1372 (8th Cir.1991) (holding that although a district court should state its reasons for imposing a particular sentence, a remand is not required where the record is clearly sufficient to permit meaningful appellate review)
 
 
 8
 Accordingly, the defendants' request for a remand on the "safety valve" issue is denied. The 120-month sentences imposed by the district court are affirmed.[1]
 
 II.
 
 9
 Next we address the issues raised by Avalos-Barriga. Avalos-Barriga argues to this court that his conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(b) was defective because there is insufficient evidence to show that he was an organizer, supervisor, or manager of five or more persons in the criminal enterprise.
 
 
 10
 To be guilty under 21 U.S.C. § 848(b), a defendant must be found to have (1) committed a felony violation of the federal narcotics law which was part of a continuing series of three or more violations (2) undertaken in concert with five or more persons (3) with respect to whom such defendant occupies a position of organizer, a supervisory position, or any other position of management, and (4) from which such defendant obtained substantial income or resources. United States v. Baker, 10 F.3d 1374, 1408-09 (9th Cir.1993).
 
 
 11
 During closing arguments at trial, Avalos-Barriga admitted to being an organizer, supervisor, or manager of two persons engaged in the criminal enterprise. A careful review of the entire record reveals that there was sufficient evidence to support the jury's finding that Avalos-Barriga was also an organizer, supervisor, or manager of at least three more persons. The jury was properly instructed that it had to unanimously agree as to the identity of each of the five persons the defendant organized, supervised, or managed. United States v. Jerome, 942 F.2d 1328, 1330 (9th Cir.1991). The panel must presume the jury understood and followed this instruction. McKenzie v. Risley, 842 F.2d 1525, 1533 (9th Cir.1988). Avalos-Barriga's conviction for engaging in a continuing criminal enterprise, and the life sentence the district court imposed for that conviction, are affirmed.
 
 
 12
 The affirmance of the continuing criminal enterprise conviction and corresponding sentence has important implications for Avalos-Barriga's conspiracy conviction under 21 U.S.C. §§ 841(a)(1) and 846. The district court imposed a concurrent life sentence on Avalos-Barriga for his conspiracy conviction. However, because conspiracy is a lesser included offense of a continuing criminal enterprise, double jeopardy precludes the imposition of a life sentence on both convictions. Rutledqe v. United States, 517 U.S. 292, 116 S.Ct. 1241, 1247 (1996). Because this court has affirmed the continuing criminal enterprise conviction and its accompanying sentence, the life sentence imposed on the conspiracy conviction must be vacated. The case is remanded for further proceedings consistent with this memorandum disposition.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART.
 
 
 
 **
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendant Yudice-Campos also appeals the district court's entry of judgment on his guilty plea, arguing that the factual basis established on the record fails to show that he is guilty beyond a reasonable doubt. However, this issue is not properly before this court because Yudice-Campos failed to raise the issue in the first instance in the district court. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.1987)