# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2434

_____

United States of America,     *
    *
        Appellee,     *
    *   Appeal from the United States
    v.     *   District Court for the
    *   District of Minnesota
Brian Rolf Molstad, also known as     *
Donald Zogg, also known as Carl T.     *     [UNPUBLISHED]
Anderson,     *
    *
       Appellant.     *

_____

Submitted: August 3, 1999

Filed: August 11, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Brian Rolf Molstad appeals from the final judgment entered in the District Court[1] for the District of Minnesota upon a guilty plea to furnishing false and fraudulent material information on an application for Registration under the Controlled Substances Act of 1970, in violation of 21 U.S.C. § 843(a)(4)(A), and health care fraud, in

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

violation of 18 U.S.C. § 1347. The district court sentenced appellant to 18 months imprisonment, 3 years supervised release, and imposed a $4,000 fine, and a $200 special assessment. For reversal appellant argues that the district court erred in applying a 7-level increase for a loss between $120,000 and $200,000, see U.S.S.G. § 2F1.1(b)(1)(H) (1998), and in failing to make specific findings on the amount of loss. For the reasons discussed below, we affirm the judgment of the district court.

We hold that the district court did not clearly err in imposing the 7-level increase. See United States v. Jackson, 155 F.3d 942, 948 (8th Cir.) (determination of loss is not clearly erroneous "as long as the determination is plausible in light of the record as a whole"), cert. denied, 119 S. Ct. 627 (1998). Appellant has provided no support for his argument that the amount paid for his fraudulently rendered services--an amount to which he stipulated in his plea agreement--is too speculative to be used as the amount of loss. See U.S.S.G. § 2F1.1, comment. (n.8) (1998) (amount of loss need not be determined with precision; court need only make reasonable estimate of loss based on available information; loss based on defendant's gain is ordinarily underestimation).

We also conclude the district court, by specifically finding the 7-level increase applied, implicitly found that the amount to which appellant had stipulated was the amount of loss, and such a finding is supported by the record. See United States v. Dortch, 923 F.2d 629, 633 (8th Cir. 1991) (remand for specific findings unnecessary where it is clear district court implicitly rejected defendant's challenge to application of Guidelines).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.