**UNITED STATES of America, Appellee,**

v.

**Edward KNIGHTEN, Appellant.**

**No. 89–5605.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Nov. 15, 1990.

---

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Paul Engh, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,[*] Senior District Judge.

LARSON, Senior District Judge.

On March 18, 1989, defendant Edward Knighten was arrested by state police in Bloomington, Minnesota, and charged with fourth degree burglary.[1] Defendant pled guilty and, on May 18, 1989, was fined $300 and placed on unsupervised release probation for two years. Two months later, on July 17, 1989, defendant was again arrested after a government informant purchased 50 dosage units of dilaudid[2] from the defendant. A subsequent search of the defendant's home pursuant to a warrant yielded 356 additional dosage units of dilaudid, ten individually packaged ounces of cocaine, two kilogram bricks of cocaine, and a .45 caliber firearm.

Defendant was charged in a three count indictment with the sale of 50 dosage units of dilaudid (count 1), possession with intent to distribute an additional 350 dosage units of dilaudid (count 2), and possession with intent to distribute two and one half kilograms of cocaine (count 3).[3] The defendant pled guilty to count 3 and was sentenced by the district court[4] under the federal Sentencing Guidelines to 90 months in prison.

The sole issue on appeal is whether the district court properly applied Guideline § 4A1.1(d) to increase the defendant's criminal history score by two points. At the time of sentencing, the government and the defendant agreed the defendant's offense level was 28. In computing defendant's criminal history score, the court adopted the probation office's presentence report recommendation that the defendant be given one point for his 1989 burglary conviction. See Guideline § 4A1.1(c). The court then increased the defendant's score two additional points because the drug offense for which he was being sentenced had been committed while he was on probation for the 1989 burglary offense. See Guideline § 4A1.1(d). With a total of three points, the defendant's criminal history category was a II, and the court sentenced him at the low end of the resulting 87–108 month range given in the Sentencing Table.

[*] The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

[1] Minn.Stat. 609.582(4) provides:
Whoever enters a building without consent and with intent to commit a misdemeanor other than to steal, or enters a building without consent and commits a misdemeanor other than to steal while in the building, commits burglary in the fourth degree.

[2] Dilaudid is a hydrogenated ketone of morphine which can be prescribed by doctors for relief of pain. See 1990 Physician's Desk Reference.

[3] Defendant agreed to cooperate with federal officials and, in exchange, the indictment did not contain a charge relating to his possession of the firearm.

[4] The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

Defendant argues on appeal that the court improperly increased his criminal history category under Guideline § 4A1.1(d), because his unsupervised probation is not "the sort of probation contemplated by the Guidelines" as warranting an increase in criminal history score. Defendant notes his burglary conviction arose from a "domestic misunderstanding with his former wife," and contends that the state court's imposition of unsupervised probation was, in effect, a probation "on paper and not in substance."

■ We begin our analysis with the language of Guideline § 4A1.1(d). This Guideline directs the courts to

Add 2 points if the defendant committed the instant offense while under *any* criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(emphasis supplied). The purpose of § 4A1.1(d) is to "implement one measure of recency by adding two points if the defendant was under a criminal justice sentence" when committing another crime. Commentary Background, Guideline § 4A1.1.

A "criminal justice sentence" is defined in the Guidelines Commentary as any sentence countable under Guideline § 4A1.2 in computing a defendant's criminal history score. *See* Application Note 4, Guideline 4A1.1(d).[5] The defendant agrees that his 1989 burglary conviction was properly "counted" in determining his criminal history score. He nonetheless contends that the unsupervised probation he received as a result of the conviction should not be "counted" under Guideline § 4A1.1(d). Neither Guideline § 4A1.1(d) nor Guideline § 4A1.2 support this result. Guideline 4A1.1(d) speaks broadly of "any criminal sentence, including probation," and makes no attempt to differentiate between "supervised" or "unsupervised" probation. Guideline § 4A1.2 is equally inclusive. In

fact, under Guideline § 4A1.2(f), even diversionary dispositions are included as a "criminal sentence" so long as there is a finding or admission of guilt. Defendant concedes he pled guilty to the burglary charge at issue here.

The Guidelines on probation in the federal system also support the inclusion of both supervised and unsupervised probation within the meaning of "any criminal sentence" in Guideline § 4A1.1(d). The Introductory Commentary to the section on probation states that probation is "a sentence in and of itself," which may be used as an alternative to incarceration to promote respect for the law and to achieve general deterrence. *See generally* Introductory Commentary, Part B–Probation. While the Guidelines recommend supervised probation, the only required conditions under the federal system are that the defendant not commit another crime and, more specifically, that the defendant not possess any illegal controlled substances. *See* Guideline § 5B1.3. Defendant's probation condition—that he not commit the same or a similar crime—is not unlike these mandatory minimum federal conditions.

■ Finally, as a policy matter, we reject the notion implicit in defendant's presentation to the district court that because his previous crime arose from a "domestic misunderstanding" he should be treated more leniently than if he had been on probation for committing a different type of crime. Defendant's unsupervised probation presumably was intended, like supervised probation, to heighten his awareness of the need to obey the law and to deter his reappearance in the criminal justice system. Defendant's commission of another crime, two months after being placed on probation, defeats these purposes whether he was required to report to a probation officer or not.[6]

---

5. This definition was added by the amendments effective November 1, 1989, which were in effect prior to defendant's sentencing in this case.

6. While we are unaware of the specific facts underlying defendant's burglary conviction, we note that a task force assembled by the Minnesota Supreme Court has recently recommended

that courts require supervision of probationary conditions in cases of domestic violence. The task force found "compelling evidence" that such cases were not being adequately addressed in Minnesota through either the civil or criminal judicial processes. Final Report, *Minnesota Supreme Court Task Force for Gender Fairness*

For all of the foregoing reasons, we hold the term "any criminal sentence" in Guideline § 4A1.1(d) includes unsupervised probation. It follows that the district court properly added two points to the defendant's criminal history score under Guideline § 4A1.1(d), because his present offense was committed two months after he had been placed on unsupervised probation for a fourth degree burglary offense. The judgment of the district court is affirmed.

*in the Courts,* 15 Wm. Mitchell L.Rev. 825, 871, 891 (1989).