**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Douglas RENFREW,**
**Defendant–Appellant.**

No. 91–1559.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.
Decided Feb. 19, 1992.

---

**5.** Slip op. at 7 (citing affidavit of Steven J. Daffner, president of Sybaritic).

Andrew S. Birrell, Minneapolis, Minn., argued, for appellant.

Frank J. Magill, Jr., Minneapolis, Minn., argued, for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

On September 20, 1990, Kenneth Douglas Renfrew robbed the Southview Bank in South St. Paul, Minnesota, and was quickly arrested. Renfrew appeals the sentence he received after pleading guilty to bank robbery and use of a firearm in that robbery. The sole issue on appeal is whether the district court[1] erred in concluding that Renfrew was, for purposes of U.S.S.G. § 4A1.1(d), "under [a] criminal justice sentence" when he committed the robbery. Renfrew argues he was not, because his one year probation for the prior Minnesota crime had expired two days before the robbery. The district court concluded he was, because his probation had been revoked and there was an outstanding bench warrant for his arrest when he committed the robbery. We affirm.

Renfrew pleaded guilty to fifth degree assault in a Minnesota state court on September 18, 1989. His ninety day sentence and fine were stayed, and he was placed on probation for one year. In June 1990 the court revoked the probation and stay of sentence because Renfrew had allegedly violated a condition of his probation. Renfrew failed to appear at a July 11 hearing, and the court issued a warrant for his arrest. He remained at large until his arrest following the bank robbery on September 20, two days after his one year stay and probation would have expired had they not been revoked.

■ Section 4A1.1(d) "implements one measure of recency" by enhancing a defendant's criminal history category for sentencing purposes "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See United States v. Knighten,* 919 F.2d 80, 82 (8th Cir.1990). Renfrew's Minnesota sentence for fifth degree assault was a "criminal justice sentence." *See* U.S.S.G. § 4A1.2(c). The question is whether he was "under" that sentence on September 20, 1990.

Courts faced with similar issues have looked to state law to define when a state sentence has expired. *See United States v. Pettit,* 938 F.2d 175, 178–79 (10th Cir. 1991); *United States v. Dillon,* 905 F.2d 1034, 1037 (7th Cir.1990). Although we agree that state law is relevant to the question before us, our ultimate task is to determine whether Renfrew was "under" a criminal justice sentence for purposes of § 4A1.1(d). That is a question of federal law.

Renfrew argues that, because his probation had been revoked and no additional punishment imposed, he was in "limbo" under Minnesota law and therefore was not "under" his prior assault sentence when he committed the robbery. Recognizing that the Minnesota sentencing court could have imposed additional punishment after revoking his probation, *see State v. Stofferahn,* 434 N.W.2d 501, 502 (Minn.Ct.App.1989), Renfrew stresses that it had not done so by the time his one year probation period expired two days before the robbery. He relies upon Minnesota cases holding that a probationary period may not be extended beyond the statutory maximum. *See, e.g., State v. Belfry,* 431 N.W.2d 572 (Minn.Ct. App.1988). One year was the maximum stay and probation period allowed for his misdemeanor assault offense. Minn.Stat. § 609.135, subd. 2(4).

However, we agree with the district court that this situation is governed by Minn.Stat. § 609.14, subd. 1, which authorizes the court to revoke a stay and probation, without notice, when it appears the

**1.** The HONORABLE HARRY H. MACLAUGHLIN, United States District Judge for the District of Minnesota.

defendant has violated any condition of probation. This provision is intended

to cover the case where the defendant violates the terms of his probation but cannot be found or apprehended before the period of his probation expires.... When the defendant is returned to the court, it may make the orders authorized by subdivision 3 notwithstanding the period previously fixed for his probation has expired.

Minn.Stat.Ann. § 609.14, subd. 1, Pirsig Comment. Because the Minnesota court had revoked Renfrew's probation and issued a warrant for his arrest pursuant to § 609.14, he was still subject to the court's jurisdiction for his assault conviction and was therefore "under" that criminal justice sentence on the day he committed the robbery.

 We also note that the commentary to § 4A1.1(d) has recently been amended to clarify that defendants in Renfrew's situation are still "under" a criminal justice sentence:

A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation ... violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A.1(d), comment. (n. 4) (effective Nov. 1, 1991). We may rely on a post-sentence clarifying[2] amendment in interpreting the unamended Guideline. *See United States v. Barragan,* 915 F.2d 1174, 1178 n. 6 (8th Cir.1990); *United States v. Caicedo,* 937 F.2d 1227, 1234–35 (7th Cir. 1991); *United States v. Shabazz,* 933 F.2d 1029, 1033 n. 2 (D.C.Cir.), *cert. denied,* —

U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991); *United States v. Irvin,* 906 F.2d 1424, 1427 (10th Cir.1990).[3]

Therefore, whether we focus upon Minn. Stat. § 609.14, subd. 1, or the Sentencing Commission's interpretation of the phrase "under any criminal justice sentence," we think it clear that the district court was correct in adding two points to Renfrew's criminal history category calculation under § 4A1.1(d). *Compare United States v. Dyke,* 901 F.2d 285 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). Accordingly, we affirm.

---

**2.** The Sentencing Commission explained that this amendment "clarifies the meaning of the term 'under a criminal justice sentence' as used in § 4A1.1." U.S.S.G.App.C., amendment 381 (Nov.1991).

**3.** There are cases in which we have declined to consider a *post-sentence* commentary amendment, but only when the amendment would have required us to overrule Eighth Circuit precedent. *See United States v. Furlow,* 952 F.2d 171 (8th Cir.1991); *United States v. Sparks/*

*McGhee,* 949 F.2d 1023 (8th Cir.1991); *United States v. Watts,* 940 F.2d 332 (8th Cir.1991); *United States v. Dortch,* 923 F.2d 629, 632 n. 2 (8th Cir.1991). "[W]hen we are required to overrule precedent in this circuit in order to interpret the guideline consistent with the amended commentary, we cannot agree ... that the amendment merely clarified the pre-existing guideline." *United States v. Saucedo,* 950 F.2d 1508, 1512 (10th Cir.1991).