**Robert Thomas NEARY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 92–2309.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided July 6, 1993.

Robert Thomas Neary, Yankton, SD, for plaintiff-appellant.

Kevin V. Schieffer, U.S. Atty., Sioux Falls, SD, for defendant-appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Robert Thomas Neary appeals the district court's denial of a 28 U.S.C. § 2255 motion to vacate his sentence. Neary argues that his sentence was unlawfully enhanced by a prior conviction despite the government's failure to comply with 21 U.S.C. § 851(a)(1); that his counsel was ineffective for failing to appeal an obstruction of justice enhancement; and that the Bureau of Prisons ("BOP") failed to credit him with time served prior to his federal sentence.[1] We reverse and remand on all three issues.

## I. The § 851 Issue.

On September 5, 1989, Neary pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. At the start of the sentencing hearing on October 30, the government urged that Neary receive a mandatory minimum sentence of at least ten years because of a 1973 heroin conviction. *See* 21 U.S.C. § 841(b)(1)(B).

However, prior to the entry of Neary's plea, the government had not filed an information stating that it would rely on this prior conviction for sentencing purposes, as required by 21 U.S.C. § 851(a)(1):

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The court addressed this failure at the sentencing hearing:

> THE COURT: Mr. Wilka [counsel for Neary], have you and Mr. Neary discussed this matter of the filing of the Information under 21 U.S.C. 851.
>
> MR. WILKA: Yes, Your Honor.
>
> THE COURT: And, Mr. Neary, the statute that we have just referred to provides that the Government shall file an Information ... either before trial or before entry of a plea of guilty and, of course, that hasn't been done in this case and I haven't done any legal research to determine the effect of the failure to do this or the circumstances under which such an Information might be filed late, if there is any law permitting it to be filed late.
>
> Mr. Neary, do you understand what the law requires in this regard with regard to this Information?
>
> DEFENDANT NEARY: Yes, sir, I understand.
>
> THE COURT: All right. And, if there is any objection to the matter, to this Information alleging a prior offense being filed at this time, of course, then we will have to do the required research to determine whether it is permissible or the circumstances under which it might be permitted, if at all. And, of course, if it were determined that it couldn't be filed, that

---

1. Neary's sentence credit claim should have been brought under 28 U.S.C. § 2241(a). However, because Neary is incarcerated within the District of South Dakota, both the district court and this court may consider the merits of this claim as though it had been filed under § 2241(a). *See* *United States v. Hutchings,* 835 F.2d 185, 186–87 (8th Cir.1987).

would eliminate the provision of the statute which provides for a ten-year mandatory minimum.

Do you understand that aspect of this sentencing proceeding, Mr. Neary?

MR. WILKA: Your Honor, may I have a moment?

THE COURT: Yes.

DEFENDANT NEARY: Yes. I understand it, Your Honor.

THE COURT: Mr. Neary, if you have any objection to this being filed at this time, of course, then we will have to do the research and determine whether or not it is permissible. On the other hand, if you waive your right given you by the statute to require that the Government file this Information alleging a prior offense, either at or before the time the plea of guilty was entered, you will be permitted to waive it.

Mr. Neary, do you desire to waive the statute's requirement that the Information alleging a prior offense be filed prior to the entry of the plea of guilty?

DEFENDANT NEARY: Now is fine.

THE COURT: You are [willing] to waive the requirement of the statute?

DEFENDANT NEARY: Yes. I am willing to waive, Your Honor.

At the conclusion of the sentencing hearing, the district court sentenced Neary to 120 months, the minimum under § 841(b)(1)(B), to be served concurrently with an Iowa sentence. Neary did not appeal, but after completing his Iowa sentence and returning to federal custody, he filed this §. 2255 motion.

Neary's pro se § 2255 motion alleged that counsel was ineffective at the sentencing hearing when he advised Neary to waive the government's failure to comply with § 851(a)(1). The district court rejected this claim because Neary "knowingly, voluntarily, and intelligently waived his right to timely filing of the [§ 851(a)(1) ] information." We disagree.

■ ▇▇▇ Like other circuits to consider the question, we have held that the government must timely file an information under § 851(a)(1) before a prior conviction may be used to enhance a sentence under § 841(b). *See United States v. Johnson,* 944 F.2d 396, 406 (8th Cir.1991). As the Eleventh Circuit stated in *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991):

> Even when the defendant is not surprised by the enhanced sentence, was aware from the outset that his previous conviction could lead to an enhanced sentence, never challenged the validity of the prior conviction, and admitted it at the sentencing hearing, the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial. . . . Significantly, "[t]he doctrine of harmless error does not apply" with respect to failures to follow the statutory scheme of § 851. *United States v. Olson,* 716 F.2d 850, 852 (11th Cir.1983).

▇▇▇ In this case, the government did not timely comply with § 851(a)(1).[2] Neary purportedly waived that non-compliance after a colloquy at which neither the district court nor his counsel unequivocally advised that his sentence could not be enhanced under § 841(b). "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The district court's candid statement that it did not know the effect of the government's failure to comply did not sufficiently apprise Neary of his right to insist that he not receive an enhanced sentence. Therefore, even if Neary could waive the government's failure to comply with § 851(a)(1)—a question we do not decide—his waiver was ineffective. *See United States v. Bluske,* 969 F.2d 609, 614 (8th Cir. 1992); *Dyas v. Lockhart,* 771 F.2d 1144, 1147–48 (8th Cir.1985).

2. At the guilty plea hearing, the government stated that the evidence at trial "would also establish that this defendant has a prior conviction for a controlled substance violation" and therefore that Neary would be subject to a mandatory minimum penalty of ten years in prison. However, this oral statement is no substitute for the statutorily mandated information.

The government argues that the minimum ten-year sentence was "part and parcel" of an unwritten plea agreement. Therefore, had Neary declined to waive the government's non-compliance with § 851(a)(1), it would have petitioned to set aside the guilty plea and to reinstitute the proceedings with a timely § 851 information. *Compare United States v. Britt,* 917 F.2d 353, 356–57 (8th Cir.1990), *cert. denied,* 498 U.S. 1090, 111 S.Ct. 971, 112 L.Ed.2d 1057 (1991).

■ The record does not support the government's assertion that an enhanced sentence was part of any plea agreement. When asked at the plea hearing to "state for the record the Plea Agreement," the government stated only that "the defendant will plead guilty to Count 1 and the United States agrees that at sentencing the United States will move to dismiss Counts 2 through 5." Counsel for Neary agreed that this was the entire agreement. Thus, even if the government had previously advised Neary or his counsel that a plea of guilty to the conspiracy count would likely carry a mandatory minimum sentence of ten years, that was not part of the plea *agreement.* In these circumstances, if Neary had declined at sentencing to waive the government's non-compliance with § 851(a)(1), this would not have entitled the government to relief from the prior guilty plea. *See United States v. Olesen,* 920 F.2d 538, 541 (8th Cir.1990) (court may not "abrogate a plea agreement to relieve one party of its own mistake"), *quoting United States v. Partida–Parra,* 859 F.2d 629, 633 (9th Cir.1988).

For the foregoing reasons, we conclude that the district court erred in enhancing Neary's sentence under § 841(b)(1)(B). This is an error that may now be remedied under § 2255, both because Neary's counsel was ineffective in permitting him to waive § 851(a)(1) non-compliance and in not appealing the unlawfully enhanced sentence, and also because § 2255 expressly makes relief available if "the sentence was in excess of the maximum authorized by law."

**3.** The Commission explained that the amendment adding this application note "clarifies the operation of § 3C1.1." U.S.S.G.App. C, amend-

## II. Obstruction of Justice.

Neary's pro se motion also alleged that his counsel was ineffective for failing to appeal a two-level enhancement of his base offense level for obstruction of justice. *See* U.S.S.G. § 3C1.1. The district court dismissed this claim without a hearing on the ground that the enhancement was proper because Neary admitted that he had made material falsehoods to the probation officer. We conclude that summary disposition of this claim was inappropriate.

Neary's presentence report ("PSR") stated that he had "obstructed justice by furnishing material falsehoods" to the probation officer. The PSR explained:

> Specifically, when interviewed by the probation officer, Mr. Neary stated that he had no knowledge of where the one kilogram of cocaine was obtained. He denied receiving any cash to purchase cocaine prior to his departure to California on 2/10/89. He denied traveling to Phoenix, AZ, or Los Angeles, CA, to purchase cocaine and states that his travel to those locations was for the sole purpose of buying auto parts.

At sentencing, Neary's counsel admitted the facts as stated, denied that these were material falsehoods, and asserted, "I don't think what happened constitutes obstruction of justice." The sentencing court nonetheless imposed the two-level enhancement "because Mr. Neary made material falsehoods to the Probation Officer in the course of the presentence investigation."

The Guidelines expressly authorize an obstruction of justice enhancement when the defendant has furnished "material falsehoods to a probation officer in the course of a presentence or other investigation." § 3C1.1, comment. n. 1(e) (1987). However, the Sentencing Commission's non-exhaustive list of conduct that does not warrant an obstruction enhancement includes "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." § 3C1.1, comment. n. 4(c) (1990).[3]

ment 347 (Nov. 1990). "We may rely on a postsentence clarifying amendment in interpret-

We have recently emphasized that the government bears the burden of proving that the defendant's acts constituted obstruction of justice, *see United States v. Ransom,* 990 F.2d 1011 (8th Cir.1993), including the materiality of conduct or statements that allegedly obstructed a prosecution or investigation. *See United States v. Cox,* 985 F.2d 427, 432 (8th Cir.1993). In this case, Neary admitted that he was less than cooperative during the probation officer's interview. However, it is not apparent to us how Neary's interview answers impeded the probation officer's preparation of the PSR. The probation officer did not explain why these were "material falsehoods," the government offered no evidence of materiality at sentencing, and the sentencing court simply accepted the probation officer's unsupported assertion of materiality. Thus, the record appears on its face insufficient to support the obstruction enhancement, yet there is no explanation of why counsel, having properly raised the issue at sentencing, failed to raise it on appeal. In these circumstances, this claim of ineffective assistance requires an evidentiary hearing.

### III. The Sentence Credit Issue.

On June 23, 1989, Neary was sentenced to ten years in the Iowa state penitentiary. That same day, he was transported to South Dakota to answer these federal charges, and he remained in federal custody until he was sentenced by the district court on October 30, 1989. Neary contends that the BOP erred in refusing to credit this time in federal custody against his federal sentence. The parties agree that if this time was credited against his Iowa sentence, Neary is not entitled to credit on his federal sentence. *See* 18 U.S.C. § 3585(b).

In denying Neary's request for administrative relief, the BOP stated: "You were given jail time credit by the state of Iowa from 2/15/89 [when he was arrested in Iowa] until you were sentenced 06/23/89." Records of the Iowa District Court attached to Neary's pro se brief on appeal confirm this statement, but they do not address whether Neary's subsequent time in federal custody was credited against his state sentence.

The district court concluded that "06/23/89" in the BOP ruling was a typographical error, because "defendant was not sentenced on June 23, 1989. He was sentenced on October 30, 1989." However, the district court overlooked the fact that Neary was sentenced for the Iowa offense on June 23, 1989. We know that Iowa credited his time in state custody before June 23 against his state sentence, but we do not know whether Iowa credited his time in federal custody after June 23 against that sentence. Furthermore, we cannot discern from its ruling whether BOP even considered this issue. Therefore, this issue is also remanded with instructions that the district court seek clarification as to why BOP denied Neary credit for the period from June 23 to October 30, 1989.

The judgment of the district court is reversed, the sentence is vacated, and the case is remanded for further sentencing proceedings consistent with this opinion.

ing the unamended Guideline." *United States v.* *Renfrew,* 957 F.2d 525, 527 (8th Cir.1992).