74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Alphonso TRAVIS, Defendant-Appellant.
 No. 95-2383.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 12, 1995.
Decided Jan. 16, 1996.
 
 Before POSNER, Chief Judge, and ESCHBACH and DIANE P. WOOD, Circuit Judges.
 ORDER
 Alphonso Travis appeals his sentence. The sole question on appeal is whether Travis committed the instant offenses while he was "under any criminal justice sentence," for purposes of U.S.S.G. Sec. 4A1.1(d). The difficulty, recognized by the district court and stressed by Travis, is that it appears that the instant federal offenses were committed after the relevant "criminal justice sentence," a state conditional discharge, had been "revoked" (for violation of the conditions of the conditional discharge), but before resentencing for the state crime for which Travis had been on conditional discharge. However, we conclude that since Travis was subject to the sentencing jurisdiction of the state court after revocation of the conditional discharge, he was "under a criminal justice sentence" for purposes of Sec. 4A1.1(d). Accordingly, we affirm.
 Background
 A chronology of events is necessary for a proper understanding of this case. On August 3, 1992, Alphonso Travis was sentenced to conditional discharge by an Illinois state court for a period of two years upon his conviction on the charge of unlawful restraint. On January 7, 1993, Travis was charged in state court with a drug offense. On March 11, 1993, the state filed a petition to revoke Travis's conditional discharge. On June 28, 1993, a state court revoked Travis's conditional discharge, referred the matter for a pre-dispositional investigation and report, and scheduled sentencing on the unlawful restraint conviction for August 6, 1993. On July 12, 1993, while released on bond pending sentencing for the unlawful restraint conviction, Travis committed the instant federal offenses. On July 19, 1993, Travis was convicted and sentenced in state court to four years' imprisonment for his drug offense. On August 6, 1993, Travis was sentenced in state court to two years' imprisonment for his unlawful restraint conviction. Subsequently, Travis was indicted for the federal offenses he had committed on July 12, 1993. Travis pled guilty to the federal offenses, and was sentenced in federal district court on June 2, 1995.
 The district court gave Travis a total of ten criminal history points, for a criminal history category of V. Three points were given under Sec. 4A1.1(a) for the unlawful restraint sentence imposed on August 6, 1993; three more points under Sec. 4A1.1(a) for the sentence resulting from the state drug offense; and two points under Sec. 4A1.1(d) for being under a criminal justice sentence at the time that the federal offenses were committed (with the remaining two points based on unrelated sentences).
 
 Analysis
 
 1
 The district court's interpretations of the Sentencing Guidelines are reviewed de novo. United States v. Hoggard, 61 F.d. 540, 541 (1995) (per curiam).
 
 
 2
 Travis quotes U.S.S.G. Sec. 4A1.2 comment. (n. 11) for the proposition that under Sec. 4A1.2(k), "no more than three points will be assessed for a single conviction." Sec. 4A1.2 comment. (n. 11). Travis notes that the district court assessed three points, as required by Sec. 4A1.1(a), for the two year term of imprisonment imposed at resentencing for the unlawful restraint conviction.
 
 Section 4A1.2(k) provides:
 
 3
 In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for Sec. 4A1.1(a), (b), or (c), as applicable.
 
 
 4
 U.S.S.G. Sec. 4A1.2(k)(1). The revocation of Travis's sentence of conditional discharge occurred prior to sentencing for the federal offenses, and thus is a "prior revocation." A conditional discharge as imposed by Illinois is the equivalent of unsupervised probation, United States v. Caputo, 978 F.2d 972, 977 (7th Cir.1992), and therefore Sec. 4A1.2(k) covers the prior revocation of that sentence. See also Sec. 4A1.2 comment. (n. 11) ("Section 4A1.2(k) covers revocations of probation and other conditional sentences....") (emphasis added). Though Sec. 4A1.2(k)(1) applies to Travis, this does not prevent the application of Sec. 4A1.1(d) to Travis as well. It is true that a defendant should only receive a maximum of three criminal history points because of his prior conviction. Sec. 4A1.2 comment (n. 11); see also Secs. 4A1.1(a), (b), (c), 4A1.2(k). However, the defendant may also receive an additional two points, not because he had a prior conviction, but because he was "under any criminal justice sentence" when committing the instant offenses. In other words, a conviction, though it is a "prior conviction," may produce a "criminal justice sentence" which the defendant was "under" at the time of his offenses. Thus, we cannot avoid the question whether Travis was, for purposes of Sec. 4A1.1(d), "under any criminal justice sentence."
 
 
 5
 A situation like Travis's case is described in United States v. Renfrew, 957 F.2d 525 (8th Cir.1992). As in Travis's case, revocation of a conditional sentence, but not resentencing on the underlying conviction, had occurred prior to the defendant's commission of the instant offense. Renfrew, 957 F.2d at 525. Accordingly, the rationale for applying Sec. 4A1.1(d) in Renfrew also fits Travis's case: "[Renfrew] was still subject to the court's jurisdiction for his assault conviction [for which the conditional sentence had been revoked] and was therefore 'under' that criminal justice sentence on the day he committed [the instant offense]." Id. Travis attempts to distinguish this case, noting that Renfrew involved a situation where a probation violation warrant was outstanding, which is a situation specifically covered by the commentary to Sec. 4A1.1(d). See Sec. 4A1.1 comment. (n. 4). However, it is clear that Renfrew § holding does not depend on the fact of a violation warrant, focusing instead on whether the defendant was under the sentencing jurisdiction of a court at the time he committed the instant offenses. See Renfrew, 957 F.2d at 527.
 
 
 6
 Moreover, the commentary to Sec. 4A1.1(d) clearly suggests a focus on sentencing jurisdiction in a case like that of Travis. Travis was subject to the sentencing jurisdiction of the court as a result of a prior sentence, just like a defendant who was subject to a violation warrant. There is no meaningful distinction between the two cases; in both, the defendant has been found in violation of a conditional sentence, and is subject to sentencing on the underlying conviction, even if the original sentence might have expired had the defendant not violated the conditional sentence. Thus, the commentary suggests that Sec. 4A1.1(d) applies to Travis just as it did to the defendant in Renfrew.
 
 
 7
 In light of Renfrew and Sec. 4A1.1 comment. (n. 4), we hold that Travis, who was found to have violated his conditional discharge and was subject to the sentencing jurisdiction of a court upon revocation of conditional discharge, properly received two points under Sec. 4A1.1(d) for being "under any criminal justice sentence" at the time he committed the instant offenses.
 
 Conclusion
 
 8
 The judgment is AFFIRMED.