**UNITED STATES of America, Appellee,**

v.

**Carl Joseph WATTS, Appellant.**

No. 90–2899.

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1991.

Decided July 31, 1991.

Tracy L. Templeton, St. Louis, Mo., for appellant.

Patricia A. McGarry, St. Louis, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and RE,* Chief Judge.

FAGG, Circuit Judge.

After Carl Joseph Watts pleaded guilty to distribution of cocaine and conspiracy to distribute cocaine, the district court sentenced him to two concurrent terms of eighteen months in prison. Watts appeals his sentence contending the district court committed error in enhancing his sentence for obstruction of justice. *See* U.S.S.G. § 3C1.1 (Nov. 1, 1989). We affirm.

Under U.S.S.G. § 3C1.1, a district court can enhance the offense level of a defendant who "willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice." When Watts was sentenced, this section applied without qualification to defendants who attempted to destroy or conceal material evidence. U.S.S.G. § 3C1.1 application note 1(a) (Nov. 1, 1989). The district court enhanced Watts's offense level under section 3C1.1 because Watts threw a package of cocaine out a car window while the car was being closely followed by police officers in an unmarked vehicle that was flashing its headlights. Watts had just purchased cocaine from his drug supplier for resale to the car's driver, an undercover government agent. After the agent pulled the car over at the officers' request, the officers arrested Watts and recovered the cocaine Watts had thrown from the car.

To justify an enhancement under section 3C1.1, the defendant must act "wilfully." This means the defendant must "consciously act with the purpose of ob-

---

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation. After the panel voted unanimously to affirm the judgment, Chief Judge Re retired from office on April 30, 1991.

structing justice." *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990) (emphasis omitted); *see also United States v. Gardiner*, 931 F.2d 33, 35 (10th Cir. 1991); *United States v. Teta*, 918 F.2d 1329, 1333 (7th Cir.1990); *United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990).

Watts asserts he did not consciously act with the purpose of obstructing justice because he did not know that he was being followed by police officers or that he was under investigation. Watts, however, said he threw the cocaine out the car window because he was afraid. Although this is a close case, we believe the district court properly inferred Watts's intent to obstruct justice under the circumstances. While being followed by plainclothes police officers, Watts became apprehensive and threw away cocaine. We believe it is reasonable to infer Watts thought he was being followed by law enforcement authorities, thought his arrest was imminent, and attempted to get rid of evidence. *Cf. United States v. Blackman*, 904 F.2d 1250, 1259 (8th Cir.1990) (intent to obstruct justice inferred from use of several aliases).

After the district court sentenced Watts, the sentencing commission adopted new commentary to section 3C1.1. The new commentary provides that attempting to destroy or conceal evidence during arrest (such as throwing away a controlled substance) alone does not warrant an enhancement for obstruction unless the conduct resulted in a material hindrance. U.S.S.G. § 3C1.1 application note 3(d) (Nov. 1, 1990). This new commentary, however, does not help Watts. We have held that a defendant who throws drugs out the window of a vehicle while being approached by police obstructs justice under the guidelines and commentary in effect when Watts was sentenced. *United States v. Dortch*, 923 F.2d 629, 631–32 (8th Cir.1991); *see also id.* at 632 n. 2.

Accordingly, we affirm Watts's sentence.