Justice White,
dissenting.
The question in these cases is whether an amendment to the commentary to the United States Sentencing Guidelines should govern a sentencing which occurred prior to the effective date of the amendment. A majority of the Courts of Appeals have applied such an amendment when it clarified, but did not substantively change, the operation of an existing Guideline. E.g., United States v. Caballero, 290 U. S. App. D. C. 235, 242, n. 8, 936 F. 2d 1292, 1299, n. 8 (1991); United States v. Urbanek, 930 F. 2d 1512, 1514-1515 (CA10 1991); United States v. Lillard, 929 F. 2d 500, 502-503 (CA9 1991); United States v. Fiala, 929 F. 2d 285, 290 (CA7 1991); United States v. Nissen, 928 F. 2d 690, 694-695 (CA5 1991); United States v. Perdomo, 927 F. 2d 111, 116-117 (CA2 1991); United States v. Fells, 920 F. 2d 1179, 1184 (CA4 1990) (Wilkins, J.), cert. denied, 501 U. S. 1219 (1991).
In contrast, the Eighth Circuit has held that an amendment may not be applied before its effective date. See United States v. Watts, 940 F. 2d 332, 333 (1991); United States v. Dortch, 923 F. 2d 629, 632, n. 2 (1991). In these cases the Sixth Circuit did not apply an amendment that took effect after the petitioners had been sentenced in District Court. But see United States v. Sanchez, 928 F. 2d 1450, 1458-1459 (CA6 1991) (applying such an amendment).
The United States Sentencing Commission has not addressed this recurring issue. See 56 Fed. Reg. 22762-22797 (1991) (Nov. 1991 Guidelines amendments). See generally Braxton v. United States, 500 U. S. 344, 347-349 (1991). Accordingly, I would grant certiorari and consolidate these cases to resolve the conflict in the Courts of Appeals.