**UNITED STATES of America, Appellee,**

v.

**Russell Terry WILLIAMS, Appellant.**

**No. 95–3329.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1996.

Decided Jan. 24, 1996.

Shane Cantin, Springfield, Missouri, for appellant.

Richard E. Monroe, Assistant United States Attorney, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Russell Terry Williams appeals his sentence. After tendering a guilty plea, he was sentenced to twenty-seven months imprisonment for conspiring to distribute heroin and cocaine. We affirm.

Williams contends that the district court erred in determining that two of his prior convictions were not related within the meaning of U.S.S.G. § 4A1.2. If the convictions had been found to be related, Williams would have a criminal history category of V instead of VI.

At sentencing, the district court determined that the two convictions, one for burglary of a liquor store and one for stealing a horse several days after the burglary, were not related. Nevertheless, after imposing the sentence, the district court stated, "[n]ow, that sentence is within the guideline range of—whether you figure the criminal history a 5 or a 6, it's still within that range." Sentencing Transcript at 33.

We find that Williams's sentence is not reviewable. The sentence imposed falls within the guideline range urged by Williams. It is clear from the sentencing transcript that the sentencing judge would have imposed the same sentence regardless of whether Williams's argument for the lower guideline range prevailed. Thus, any error in calculating the guideline range is deemed harmless because Williams faces the same sentence, win or lose. *United States v. Torres–Diaz,* 60 F.3d 445, 449 (8th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 432, 133 L.Ed.2d 347 (1995).

Accordingly, Williams's sentence is affirmed.