# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1859

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Eugene Wilson, also known as Maestro, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 7, 1999

Filed:   October 28, 1999

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and RICHARD S. ARNOLD,
Circuit Judges.

_____

PER CURIAM.

After Eugene Wilson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), the district court[1] sentenced him to 180 months' imprisonment and five years' supervised release. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

district court improperly applied U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(5) (1998) (four-level enhancement if defendant used or possessed firearm in connection with another felony offense) and 4B1.4(b)(3)(A) (1998) (defendant sentenced as armed career criminal subject to base offense level of 34 if defendant used or possessed firearm in connection with crime of violence or controlled substance offense) in calculating Wilson's total offense level, because there was insufficient evidence that Wilson used the firearm underlying his offense in connection with an aggravated assault. Wilson filed a pro se supplemental brief in which he also challenges the application of section 4B1.4(b)(3)(A) and contends additionally that his guilty plea was involuntary based on coercion from his attorney and the indictment's failure to mention the aggravated assault.

We conclude that these arguments lack merit. First, Wilson's challenge to the section 2K2.1(b)(5) enhancement is moot, as he became subject to a higher base offense level through application of the armed-career-criminal Guideline. Second, even if he did not use the firearm in connection with another crime of violence, i.e., the aggravated assault, Wilson would still be classified as a career criminal under section 924(e) and, therefore, subject to a base offense level of 33. See U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(B) (1998). Even with a base offense level of 33 rather than 34--and a total offense level of 30 after his acceptance-of-responsibility reduction--Wilson faced a sentencing range of 180-210 months, after adjustment for the statutory minimum. See U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (1998). Accordingly, we conclude that Wilson's challenge to his sentence is unreviewable, as he faces the same sentence, win or lose. See United States v. Williams, 74 F.3d 872, 872 (8th Cir. 1996) (per curiam).

Even assuming Wilson's pro se arguments concerning the validity of his guilty plea are reviewable on appeal, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990), we conclude that the record demonstrates that Wilson knowingly, intelligently, and voluntarily pleaded guilty, see United States v. Dalman, 994 F.2d 537,

538 (8th Cir. 1993); United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995). We also reject Wilson's argument that his indictment was insufficient because it failed to mention the aggravated assault for which he received sentencing enhancements. Cf. United States v. Alvarez, 960 F.2d 1000, 1006 (8th Cir. 1992) (per curiam) (it is not necessary for government to list in indictment predicate felony convictions underlying armed-career-criminal charge), cert. denied, 507 U.S. 977 (1993).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none. We grant counsel's motion to withdraw and deny Wilson's pro se motion for appointment of counsel.

The judgment is affirmed.

A true copy.

      Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.