# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3309

_____

United States of America,       *
        *
          Appellee,       *
        *   Appeal from the United States
    v.             *   District Court for the
        *   District of Nebraska.
David Almanza,       *
        *     [UNPUBLISHED]
          Appellant.     *

_____

Submitted: June 6, 2000
Filed: June 9, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

David Almanza pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994 & Supp. IV 1998). Based in part on the testimony of two witnesses—Mary Gahman and Axel Rohe—the District Court[1] held Almanza responsible for 1,078 grams of methamphetamine, and sentenced him to 135 months imprisonment and 5 years supervised release. On appeal, Almanza argues the District Court abused its discretion

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

in denying his oral motion for a continuance of sentencing; challenges the Court's attribution to him of 624 grams of methamphetamine based on Gahman's "biased" and "unreliable" testimony, and notes the record's silence on how the Court calculated that figure; and contends the Court abused its discretion in allowing Rohe to testify regarding drug transactions not described in the presentence report.

We conclude the District Court did not abuse its discretion in denying a continuance as Almanza did not indicate in his oral motion how an additional week would enable him to provide substantial assistance. Also, Almanza's plea agreement explicitly stated that the decision whether to file a substantial-assistance departure motion was within the government's sole discretion. See United States v. Speed, 53 F.3d 643, 645 (4th Cir. 1995). We reject Almanza's challenge to Gahman's credibility, as the District Court's findings regarding witness credibility are virtually unreviewable on appeal. See United States v. Jones, 160 F.3d 473, 480 (8th Cir. 1998). We conclude the 624 grams of methamphetamine attributed to Almanza based on Gahman's testimony is a very conservative estimate and is not clearly erroneous. Cf. United States v. Randolph, 101 F.3d 607, 609 (8th Cir. 1996) (when sentencing court's failure to chart path through disputed or equivocal evidence leaves appellate court unable to meaningfully review drug-quantity determination, remand is required). Finally, we conclude the issue regarding Rohe's testimony at sentencing concerning transactions not described in the presentence report is unreviewable. Even if the 255 grams of methamphetamine based on Rohe's testimony were excluded from the drug quantity attributed to Almanza, he would still be accountable for well over the 500 grams necessary for his base offense level of 32. See U.S.S.G. § 2D1.1(c)(4) (1998); United States v. Williams, 74 F.3d 872, 872 (8th Cir. 1996) (per curiam).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.