# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1219
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
      v.                                      *
                                              *
Jonathan Doug Mullens,                        *
also known as Big Dog,                        *
                                              *
            Appellant.                        *

_____

No. 99-2340                          Appeals from the United States
_____                         District Court for the
                                    Western District of Missouri.

United States of America,                    *
                                              *        [UNPUBLISHED]
            Appellee,                         *
                                              *
      v.                                      *
                                              *
George E. Pittman,                           *
                                              *
            Appellant.                        *

_____

Submitted:  July 7, 2000

Filed:  July 14, 2000

_____

Before MCMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

PER CURIAM.

In these consolidated direct criminal appeals, Jonathan Doug Mullens challenges the sentence entered by the district court[1] following his guilty plea to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  George E. Pittman challenges the sentence the district court entered upon his guilty plea to possessing acetone with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2.  We affirm both sentences.

Mr. Mullens argues that the district court erred in applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997) for possession of a dangerous weapon.  We disagree.  At sentencing, a detective testified that, while investigating a fire at the home of some of Mr. Mullens's codefendants, authorities found two guns and equipment for a methamphetamine lab in the basement. Mr. Mullens conceded that he had used the basement, on occasion, to manufacture methamphetamine.  The district court rejected Mr. Mullens's argument that he did not possess the firearms and that excavation of the debris following the fire could have caused the firearms to fall to the basement from elsewhere in the house.

On appeal he renews his contention that he did not possess or constructively possess the firearms and was, in fact, unaware of them.  Given the evidence before the district court, however, we cannot say the court clearly erred in finding both that Mr. Mullens possessed the firearms and that it was not clearly improbable the firearms were

_____

[1]The Honorable D. Brook Bartlett, late a United States District Judge for the Western District of Missouri.

connected with his manufacturing offense.  See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (dangerous-weapon adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) (§ 2D1.1(b)(1) adjustment can be applied if defendant constructively possessed firearm, i.e. defendant exercised "ownership, dominion, or control" over firearm or premises on which it was found); United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998) (upholding dangerous-weapon enhancement when firearms were found at various houses at which defendant cooked and sold drugs), cert. denied, 525 U.S. 1169 (1999); United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir. 1996) (in conspiracy case, sufficient nexus is established for dangerous-weapon enhancement if weapon is found in same location where drugs or drug paraphernalia are stored, or where part of conspiracy takes place), cert. denied, 520 U.S. 1121 (1997).

Mr. Pittman argues that the district court erred in applying a U.S. Sentencing Guidelines Manual § 3C1.1 (1996) obstruction-of-justice enhancement for his failure to appear in court on the first day of his trial.  Mr. Pittman testified that he overslept on the morning of his trial, after which he went to a friend's house to seek advice.  He then got lost driving on back roads while trying to pick up his witnesses, and was involved in a car accident.  The district court found that Mr. Pittman intentionally failed to appear for court, and applied the two-level enhancement.

Assuming Mr. Pittman's argument is reviewable--his sentence, even without the obstruction-of-justice enhancement, exceeded the 120-month statutory maximum and thus he faced the same 120-month sentence, win or lose, see United States v. Williams, 74 F.3d 872, 872 (8th Cir. 1996) (per curiam)--the district court did not clearly err in finding that Mr. Pittman willfully failed to appear, and thus properly applied the obstruction-of-justice enhancement, see U.S.S.G. § 3C1.1., comment. (n.4(e)) (§ 3C1.1 adjustment applies when defendant willfully fails to appear, as ordered, for judicial proceeding); United States v. Eagle, 133 F.3d 608, 611 (8th Cir. 1998) (applying

obstruction-of-justice enhancement after finding defendant "willfully" failed to appear for hearing); United States v. Watts, 940 F.2d 332, 332-33 (8th Cir. 1991) ("willfully" for purposes of § 3C1.1 means "consciously act[ing] with the purpose of obstructing justice").

Accordingly, we affirm the judgments of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.