# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2076

_____

United States of America,

        Appellee,

v.

Jaime Guitron,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: March 28, 2007
Filed: April 2, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jaime Guitron challenges the 120-month prison sentence imposed by the district court[1] upon his guilty plea to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of methamphetamine mixture, and less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846. For reversal, Guitron argues that the district court erred in finding that he had committed the instant offense within two years of his release from

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

prison on a prior sentence, which resulted in the assessment of two criminal history points under U.S.S.G. § 4A1.1(e) and a Category III criminal history. We affirm.

Even if Guitron were to prevail, he would face the same sentence, because 120 months, the statutory mandatory minimum sentence that he received, is the lowest sentence he could have received in these circumstances. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (setting forth mandatory minimum sentence of 10 years for a person convicted of a crime involving 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine); U.S.S.G. § 5G1.1(c) (stating that a sentence may be imposed anywhere within the Guidelines sentencing range provided that the sentence is not less than the required statutory minimum sentence); *United States v. Williams*, 74 F.3d 872, 872 (8th Cir. 1996) (per curiam) (sentence was not reviewable where it fell within Guidelines range urged by defendant; defendant faced same sentence, win or lose). With respect to his criminal history score, Guitron stipulated that his codefendant's April 2004 drug transaction was a reasonably foreseeable act in the charged conspiracy, for which Guitron should be held accountable under the Guidelines. This forecloses his argument that he did not commit the instant offense within two years of his August 5, 2002, release from incarceration. *See* U.S.S.G. §§ 4A1.1(e) & comment. (n.5) (add two points if defendant committed any part of "instant offense" within two years of incarceration under prior sentence; "instant offense" includes "any relevant conduct"); 1B1.3(a)(1)(B) & comment. (n.2) ("relevant conduct" for which defendant is held accountable includes reasonably foreseeable conduct of others in furtherance of conspiracy); *United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006) (defendant who voluntarily exposes himself to specific sentence may not challenge it on appeal; where defendant agreed to be held accountable for prior conviction, he could not attack sentence based on that conviction).

Accordingly, we affirm.

_____