# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1689

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald L. Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2016
Filed: April 28, 2016
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ronald Roberts pleaded guilty to one count of mail fraud and two counts of wire fraud. At sentencing, the district court[1] applied a two-level enhancement for

_____

[1]The Honorable E. Richard Webber, United States District Court for the Eastern District of Missouri.

obstruction of justice over Roberts's objection. Roberts argues on appeal that the Government did not establish his specific intent to obstruct justice and that the district court therefore erred by applying the enhancement. We affirm.

Ronald Roberts owned a parcel of land in Neelyville, Missouri. Around October 2010, he began soliciting funds from lenders to complete a fictitious real-estate deal involving this tract. Roberts told lenders that Wal-Mart or another large developer wanted to purchase his property. He explained that the deal was stalled, however, because he first had to satisfy various liens, buy out other family members' shares in the land, and perform environmental remediation. Roberts promised lenders that they would receive considerable interest or a portion of the $7 million to $22 million payout he expected from the deal. As a result of this scheme, Roberts collected $2,832,943, either directly from lenders or indirectly through intermediaries. Roberts spent the majority of these funds gambling at a local casino.

Law enforcement received reports of the scheme and conducted an investigation. The investigators determined that Wal-Mart never made an offer or expressed any interest in Roberts's land. In fact, the tract owned by Roberts was less than ten acres, and its market value was under $30,000. The tract also was encumbered by a judgment against Roberts in excess of $13 million. A grand jury indicted Roberts, and he pleaded guilty to one count of mail fraud and two counts of wire fraud. Roberts's presentence investigation report recommended a two-level enhancement for obstruction of justice, noting that "during the investigation for the [fraud] offense, [Roberts] repeatedly contacted victims and threatened them with violence in an effort to have them not cooperate with law enforcement." Roberts objected to the report's assertions that he willfully attempted to obstruct justice.

At sentencing, the Government called several witnesses, including M.B., a victim of the scam, to discuss Roberts's obstructive conduct. M.B. explained that she invested in the scheme after a friend approached her about the fictitious land deal.

M.B. initially loaned Roberts $15,000 and received a promissory note. Soon after she made this loan, her friend informed her that a complication prevented the land deal from taking place and that M.B. needed to loan an additional $10,000. M.B. expressed doubts about the real-estate transaction, but Roberts assured her that the investment was a "real deal." M.B. eventually loaned Roberts an additional $26,000. After the deal failed to take place, M.B. investigated Roberts's background and learned that he had a prior conviction. She confronted Roberts, saying that she knew that he was on probation. She warned him, "If you don't bring me my money back, you're going to go back to jail." Roberts responded, "I will blow your ass to kingdom come."

The district court stated that it believed "without any doubt" that Roberts had made that statement to M.B. Based principally on M.B.'s testimony, the court concluded that Roberts willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice. The court then applied a two-level enhancement under USSG § 3C1.1 and sentenced Roberts to 68 months' imprisonment, a sentence within his advisory guidelines range of 57-71 months.

Because the court placed the greatest weight on M.B.'s testimony and because the court could have imposed the enhancement based on a single instance of obstructive conduct, we focus our analysis on whether Roberts's statement, as described by M.B., supported the enhancement under USSG § 3C1.1. This section of the Guidelines Manual states that a court should increase a defendant's offense level by two if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

USSG § 3C1.1. Note 4 to this section sets out a non-exhaustive list of acts that constitute obstructing or impeding justice for the purposes of this enhancement. As relevant here, one example is "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct constituting the offense of conviction." *Id.* cmt. n.4(K).

Roberts does not dispute the court's decision to credit M.B.'s testimony, and we see no reason to disturb the court's credibility determination. *See United States v. Jefferson*, 725 F.3d 829, 834 (8th Cir. 2013) ("[A] district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal.") (quoting *United States v. Rodriguez*, 711 F.3d 928, 938 (8th Cir. 2013)). Roberts's sole contention on appeal is that the enhancement was improper because the evidence did not support the district court's conclusion that Roberts had the requisite *mens rea*. He contends that the court erred by implicitly determining that he acted "consciously . . . with the purpose of obstructing justice." *United States v. Watts*, 940 F.2d 332, 332-33 (8th Cir. 1991) (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir. 1990)). We review the court's factual finding on this issue for clear error. *United States v. Aleman*, 548 F.3d 1158, 1163 (8th Cir. 2008). We reverse only if "we are left 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Williams*, 605 F.3d 556, 570 (8th Cir. 2010) (quoting *United States v. Lalley*, 257 F.3d 751, 758 (8th Cir. 2001)).

The Government does not need to prove intent directly. *United States v. Idriss*, 436 F.3d 946, 950 (8th Cir. 2006). Intent instead may "be inferred from the facts and circumstances surrounding a defendant's actions." *Id.* (quoting *United States v. Patten*, 397 F.3d 1100, 1103 (8th Cir. 2005)). M.B. testified that Roberts said he would "blow [her] ass to kingdom come" in response to her warning that she knew who he was and that he would go to jail if he did not return her funds. The context of this exchange allowed the court to infer that Roberts made the statement in an attempt to deter M.B. from going to police. *See United States v. Nunn*, 940 F.2d

1128, 1130, 1133 (8th Cir. 1991) (finding that an implicit threat made over a phone call supported the obstruction enhancement); *accord United States v. Reeves*, 586 F.3d 20, 23 (D.C. Cir. 2009) (noting that a court may infer intent if the defendant engages in behavior that a rational person would expect to obstruct justice).

We find unavailing Roberts's attempt to undermine the district court's conclusion regarding his intent. Although he characterizes his statement as mere "hyperbole" and "angry rhetoric," his contention does not prevent the court from determining that his statement qualified as a threat made in "an attempt to prevent the victim from reporting the conduct constituting the offense of conviction." USSG § 3C1.1 cmt. n.4(K). Even if Roberts made this comment in the course of a heated argument, he nevertheless indicated that M.B. would suffer bodily harm after she threatened to report his fraud. Based on this context, we do not have a definite and firm conviction that the district court made a mistake when it determined Roberts had the requisite intent. *Cf. United States v. Byas*, 581 F.3d 723, 725 (8th Cir. 2009) (noting that a district court's choice between permissible views of the evidence cannot be clearly erroneous). The evidence therefore was sufficient to support the district court's conclusion that Roberts willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice. We affirm.[2]

_____

_____

[2]Roberts raises no challenge regarding the substantive reasonableness of his sentence.

-5-