# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1373

_____

United States of America

*Plaintiff - Appellee*

v.

James Clayton Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Clayton Bailey appeals the district court's[1] application of United States Sentencing Guidelines (U.S.S.G.) § 3C1.1, the obstruction of justice enhancement,

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

when calculating his sentence of fifteen months' imprisonment for theft of government funds. For the reasons discussed below, we affirm.

## I. BACKGROUND

In December 2003, Bailey began receiving Social Security Disability (SSD) benefits. The letter accompanying his award of SSD benefits specifically stated that he was to inform the Social Security Administration (SSA) if he were ever convicted of a crime, as incarcerated individuals are not entitled to SSD benefits. In October 2009, Bailey was convicted of sexual abuse and sentenced to a term of imprisonment not to exceed ten years. He was released in May 2014. During his time of incarceration, Bailey continued receiving SSD benefits. The SSA had no record of his conviction and incarceration and thus continued depositing funds into his account at Deere Harvester Credit Union. As a result, the SSA overpaid Bailey a total of $53,755.80.

In July 2014, the SSA contacted Bailey after receiving a Prisoner Update Alert stating that Bailey had been incarcerated from October 2009 to May 2014. When Bailey confirmed that he had been incarcerated, the SSA began an investigation and issued a Notice of Change in Benefits indicating that he was overpaid $53,755.80.[2] In September 2014, Bailey filed a Request for Waiver of Overpayment Recovery (the form) stating that he was unable to repay the amount requested. In the form, which contained a penalty of perjury clause, Bailey stated that he was not responsible for the overpayment because "[he] did not accept the overpayment. [He] was locked up at the time. [His] power of attorney got the money. She was supposed to stop [his] checks." He further stated that "[he] didn't realize that she did not stop [his] checks until [he] was released from jail."

---

[2]The SSA was able to withhold disbursements in the amount of $1,314.60. Thus, Bailey was overpaid $52,441.20.

Prison phone records and testimony from Lana Luedtke, Bailey's girlfriend and power of attorney, show that each month Bailey generally instructed Luedtke to use the SSD benefit funds to make Bailey's loan payment for his motorcycle and send him $200 in prison. Luedtke was then allowed to use the remaining money for whatever she needed. Between October 2009 and January 2014, Luedtke withdrew more than $38,000 from the account and wired approximately $10,000 to Bailey in prison. During an April 2015 interview, Bailey admitted to law enforcement officers that he knew he needed to report his incarceration to the SSA, that he continued to receive SSD benefits while incarcerated, and that Luedtke distributed the monthly checks as indicated.

In June 2015, Bailey was charged with theft of government property, in violation of 18 U.S.C. § 641, and failure to disclose information to the SSA, in violation of 42 U.S.C. § 408(a)(4). On October 26, 2015, he pled guilty to theft of government property and was sentenced on January 29, 2016. The Presentence Investigation Report (PSR) increased the base level of six by six levels pursuant to U.S.S.G. § 2B1.1(b)(1)(D) because the loss exceeded $40,000, decreased the offense level by two levels pursuant to U.S.S.G. § 3E1.1(a) because Bailey accepted responsibility, and added a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. According to the PSR, by making false statements on the September 2014 form, Bailey "produc[ed] or attempt[ed] to produce a false, altered, or counterfeit document or record during an official investigation," which made him eligible for the obstruction of justice enhancement. U.S.S.G. § 3C1.1, cmt. n.4(C). At sentencing, Bailey objected to the two-level enhancement for obstruction of justice, arguing that the statements on the form, which was provided by the SSA, did "not rise to the level of willfully obstructing or attempting to obstruct or impede the administration of justice."

The district court concluded that the § 3C1.1 enhancement for obstruction of justice applied because Bailey made an "unquestionably false statement . . . . under

penalty of perjury" with the specific intent of "prevent[ing] the [SSA] from detecting what happened and from collecting money from him that he falsely and under fraudulent circumstances took." With a total offense level of twelve and a criminal history category of III, Bailey's Guidelines range was fifteen to twenty-one months. The district court sentenced him to fifteen months' imprisonment. Bailey now appeals arguing that the district court erred by enhancing his Guidelines range for obstruction of justice based on his statements in the SSA form because (1) he did not intend to obstruct the investigation, (2) there is no evidence his statements were likely to thwart the investigation into his criminal offense, and (3) his conduct was not akin to the conduct described in Note 4(C) of § 3C1.1.

## II.  DISCUSSION

We review legal conclusions in applying a Guidelines enhancement de novo and the underlying factual support for the enhancement for clear error. United States v. Collins, 754 F.3d 626, 629 (8th Cir. 2014). U.S.S.G. § 3C1.1 increases the offense level by two where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." Conduct by the defendant that occurred prior to the start of an official investigation fits within the enhancement "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense." U.S.S.G. § 3C1.1 cmt. n.1.

First, there is sufficient evidence to conclude that Bailey "consciously act[ed] with the purpose of obstructing justice." United States v. Watts, 940 F.2d 332, 332-33 (8th Cir. 1991) (quoting United States v. Stroud, 893 F.2d 504, 507 (2d Cir. 1990)). He clearly intended to obstruct the SSA's investigation so that he would not have to repay the money that he illegally collected. Bailey argues that he did not know he would be criminally liable for his false statements because the form stated that the SSA rarely uses such information for any purpose other than assessing

repayment waivers. This argument, however, does not change the fact that his purpose for making false statements was to interfere with the investigation into his criminal activity.

Second, the record shows that Bailey's actions were "likely" to thwart the investigation into his criminal offense, U.S.S.G. § 3C1.1 cmt. n.1, and the false statements on the form did in fact "significantly obstruct[] or impede[] the official investigation," id. § 3C1.1 cmt. n.4(G). In United States v. McKanry, 628 F.3d 1010, 1014-15 (8th Cir. 2011), McKanry assisted with the fraudulent sale and financing of residential properties and then denied involvement in the transaction when interviewed by a United States Postal Inspector. During sentencing, the district court applied the obstruction of justice enhancement. Id. at 1015-16. On appeal, McKanry challenged the enhancement, arguing that the investigation was in no way obstructed or impeded by his false statements. Id. at 1021. This court upheld the obstruction of justice enhancement stating that "[h]ad McKanry told Inspector Walter the truth about the down payments during their meeting, the investigation and prosecution reasonably would have proceeded more quickly and required less effort." Id. Similarly, had Bailey told the truth on the form, the SSA investigators would not have had to sift through years of bank records and listen to hours of telephone calls to determine whether Bailey had knowledge of the continued SSD benefit payments. Thus, Bailey's false statements on the SSA form obstructed or impeded the investigation.

Third, Note 4 of § 3C1.1 provides a non-exhaustive list of conduct covered by the enhancement, and Note 5 provides a non-exhaustive list of conduct not generally covered by the enhancement. Bailey argues that his conduct was more similar to the conduct in Note 5, not Note 4, which the district court relied on when applying the enhancement. However, even conduct listed in Note 5 fits within the obstruction of justice enhancement if the conduct significantly obstructed the investigation. See U.S.S.G. § 3C1.1 cmt. n.5 & cmt. n.4(G). As discussed above, Bailey's false

statements on the form obstructed or impeded the investigation. Thus, because the statements Bailey made on the form were clearly false, made under penalty of perjury, made with intent to, and did in fact, significantly obstruct the SSA's investigation, Bailey's conduct comes within the purview of the obstruction of justice enhancement.

## III.   CONCLUSION

The judgment of the district court is affirmed.

_____